Cynthia Diane
**MARKANTONIS, Appellant,**

v.

**Aristedes Paul TROPOLI, Appellee.**

**No. C14–86–237–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 9, 1987.

Rehearing Denied May 7, 1987.

Alan D. Bynum, Houston, for appellant.

Donn C. Fullenweider, Elizabeth Burkhardt, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a take-nothing judgment against appellant (plaintiff below) in her suit against appellee (defendant below) to enforce terms of a property settlement agreement incorporated into a divorce judgment. The term sought to be enforced concerns appellee's obligation to make payments on a promissory note executed by appellee to appellant for the purchase of the parties' former home. The trial court reformed the property agreement to allow the termination of payments by appellee once appellant no longer lived in the house. Appellant challenges the trial court's actions in fifteen points of error. We find no error and affirm.

Appellant and appellee were divorced in Harris County, Texas, on May 9, 1975. The Decree of Divorce incorporated an Agreement Incident to Divorce, approved by both parties, which provided for conservatorship of the minor children and division of the marital estate. One term of the Agreement gave the family home to appellant, while another obligated appellee to pay appellant $1,010.00 per month from June 1, 1975, through July 1, 2003, with an option by appellee to cease payments by discharging in full a promissory note for the purchase of the house dated July 1, 1973. Appellant moved from the house in October of 1983. Appellee ceased to make further payments. Appellant filed suit against appellee to enforce the terms of the Agreement, to which appellee filed a general denial and later a counterclaim alleging the Agreement contained a mutual mistake in that it did not reflect the true intent of the parties that appellee's obligation to make the payments would cease should appellant not continue to reside at the house or if the house were sold. Appellee's counterclaim sought a reformation of the Agreement to reflect the parties' true

intent. Trial was before a jury which found in answer to one special issue that appellant and appellee intended for the Agreement to include language that the $1,010.00 per month payments by appellee were to terminate if appellant ceased to reside at or sold the house. The trial court entered judgment based on this answer, which denied appellant relief, including attorney's fees, and reformed the Agreement. It is from this judgment that appellant appeals.

In her first, second and fourth points of error appellant contends the trial court erred in allowing evidence on the affirmative defense of mutual mistake and in reforming the Agreement Incident to Divorce because appellee's counterclaim was an impermissible collateral attack on a former judgment, and as a direct attack the counterclaim was barred by the statute of limitations.

■ In evaluating suits to enforce agreements incident to divorce, appellate courts have attempted to distinguish between those contractual defenses that attack the validity of the agreement at its inception, execution, or approval by the court in the divorce judgment and, as such, could and should have been raised at that time, and those defenses that could not have been raised then because they relate to subsequent events. The former defenses have been barred as collateral attacks on the judgment; the latter may be raised and considered by the trier of fact so long as the effect is not to abrogate totally the final judgment. *See generally Giddings v. Giddings*, 701 S.W.2d 284 (Tex.App.—Austin 1985, writ ref'd n.r.e.). However, the Texas Supreme Court has stated that a marital property agreement, although incorporated into a final divorce decree, is treated as a contract, and its legal force and meaning are governed by the law of contracts and not by the law of judgments. *Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986). Contract law provides that a property settlement agreement may be reformed to correct the mutual mistake and to reflect the true intent of the parties. *Thalman v. Martin*, 635 S.W.2d 411, 414

(Tex.1982). *See also Herbert v. Herbert,* 30 Tex.Sup.Ct.J. 282 (March 11, 1987), where the Texas Supreme Court disapproved the language of the court of appeals regarding the impropriety of an affirmative defense in a property settlement agreement enforcement action. The trial court did not err in allowing evidence on the affirmative defense of mutual mistake and in reforming the Agreement. Points of error one, two and four are overruled.

In points of error five, six and seven appellant contends the trial court erred in granting judgment in favor of appellee and in overruling appellant's First Amended Motion for New Trial because the evidence was factually insufficient to support a finding of mutual mistake.

█ Appellant argues that only appellee testified that a mistake occurred in the Agreement as written, and that this evidence alone is insufficient to support a finding of mutual mistake. In considering insufficient evidence points of error, this court is required to consider all of the evidence and sustain the point only if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). Appellee testified that both he and appellant intended for the Agreement to contain language that the payments would cease should appellant ever move from the house. There was also testimony from the notary public who witnessed appellee's signature on the Agreement that the schedules containing the disputed language were not attached to the Agreement when appellee signed the Agreement. In addition, appellee called an attorney specializing in family law to testify that these schedules were unusual in that they did not have signature lines and contained contractual provisions, both procedures increasing confusion in the future as to the parties' intent. He further testified that for tax reasons it was unlikely that the termination provision would have been omitted. In reviewing the record as a whole, we conclude there was sufficient evidence to raise a fact question and from which the jury, as the trier of fact, could find mutual mistake. Points of error five, six and seven are overruled.

In her eighth, ninth and tenth points of error appellant contends the trial court abused its discretion by denying appellant's attorney and expert witnesses the opportunity to testify regarding attorney's fees, and in refusing to allow appellant the opportunity to present rebuttal witnesses.

The trial court refused to allow appellant's attorney and two expert witnesses to testify regarding attorney's fees. The trial court also refused to allow two witnesses to offer rebuttal testimony on behalf of appellant. All witnesses were excluded because their individual names or mental impressions were not listed in response to interrogatories submitted by appellee. Appellant argues that two of the attorneys should have been permitted to testify as experts on legal fees because, although their names were not listed individually in response to appellee's interrogatories concerning expert witnesses to be called at trial, the attorneys' law firm was listed and contained both names. Appellant further argues that her counsel should have been allowed to testify concerning attorney's fees because her petition prayed for such fees and appellee was aware of the work done on this case; therefore appellee could not claim surprise by this testimony. Finally, appellant argues, the rebuttal witnesses should have been allowed to testify because the testimony necessitating rebuttal was irrelevant to any issue at trial. Thus appellant could not have anticipated rebuttal and therefore could not have listed the witnesses' identities.

█ Appellant sought attorney's fees in her Original Petition pursuant to her contingency fee contract and also according to what was then Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon 1971). Both theories of recovery were conditioned on a judgment in favor of appellant; since judgment was not rendered for appellant, any error in the exclusion of these witnesses was harmless. *See Davis Masonry, Inc. v. B–F–W Construction Co.,* 639 S.W.2d 448 (Tex.1982).

█ The exclusion of appellant's rebuttal witnesses likewise presents no re-

versible error. Debra Milte Matakola was called to rebut the testimony offered by appellee's notary who witnessed appellee's signature on the Agreement. When asked both during deposition and later in interrogatories where Ms. Matakola could be located, her employer claimed to have no knowledge of this information, although the record indicates that she in fact returned to his employment a month before trial. Appellant failed to supplement the answers to interrogatories as mandated by Tex.R.Civ.P. 215; therefore, the trial court did not abuse its discretion in refusing to allow Ms. Matakola to testify. Barry Rascusin was called to rebut earlier testimony that the house, the subject of this appeal, was given by appellant as collateral for a loan subsequent to the divorce. Appellant contends this could not have been reasonably anticipated as it is unrelated to any issue before the trial court. However, in his Bill of Exceptions Rascusin indicated that the excluded topics included ownership of the house, a deed of trust and security agreement drawn up by him for appellant, and the reasonableness of attorney's fees in a contingency fee contract. These topics do not seem to comprise mental impressions that should not have been anticipated by appellant. Therefore we can not hold that the trial court abused its broad discretion in denying these witnesses the opportunity to testify. Points of error eight, nine and ten are overruled.

In points of error three and eleven appellant asserts the trial court erred in overruling appellant's Motion for Instructed Verdict and in allowing testimony on the issue of mutual mistake because there was no evidence under the pleadings to raise the issue, and appellee failed to plead mutual mistake as an affirmative defense as required by Tex.R.Civ.P. 94.

■ Appellant apparently places great emphasis on the fact that appellee did not raise the affirmative defense of mutual mistake in his Original Answer. However, this defense was properly raised in appellee's separately filed Counterclaim. Rule 94 does not require an affirmative defense to be filed in the original answer. Points of error three and eleven are overruled.

In points twelve, thirteen and fourteen appellant contends the trial court abused its discretion in admitting into evidence certain exhibits introduced by appellee and in allowing appellee to inquire into whether the house was given as collateral for a loan subsequent to the divorce.

■ Defendant's Exhibit No. 3 was a copy of the disputed portion of the Agreement Incident to Divorce rewritten to reflect what appellee considered to be the parties' true intent. Contrary to appellant's contention that this exhibit confused the jury, it merely served to clarify appellee's position. Defendant's Exhibit No. 9 was a list of amounts funded to or for the benefit of appellant in excess of the Agreement Incident to Divorce. Appellant contends both this exhibit and testimony concerning the house given as collateral for a loan are irrelevant and immaterial. However, Exhibit No. 9 was offered to rebut appellant's testimony that appellee was trying to avoid all obligations to his family, while the testimony on the house as collateral was offered to rebut appellant's testimony that she thought she would always be entitled to the payments under the Agreement because she wanted the house "free and clear." The trial court did not abuse its discretion as this evidence was relevant and material to issues before the court. Points of error twelve, thirteen and fourteen are overruled.

■ In the fifteenth point of error appellant contends the trial court abused its discretion by refusing appellant's proposed special issues and instruction regarding mutual mistake. A review of the rejected special issues reveals no reversible error as all issues not already discussed in this opinion were uncontested. Tex.R. Civ.P. 277 directs the trial court to issue such explanatory instructions and definitions as will enable the jury, as trier of fact, to render a verdict. While the trial court must explain to the jury any legal or technical terms, the court is given wide discretion to determine the necessity and sufficiency of such instructions. *K–Mart*

*Corporation Store No. 7441 v. Trotti*, 677 S.W.2d 632, 636 (Tex.App.—Houston [1st Dist.] 1984), *writ ref'd n.r.e. per curiam*, 686 S.W.2d 593 (Tex.1985). In deciding whether there has been an abuse of such discretion, this court may not substitute its judgment for that of the trial court, and instead must decide only whether the trial court's action was arbitrary or unreasonable. *Landry v. Travelers Insurance Co.*, 458 S.W.2d 649, 651 (Tex.1970). We hold an instruction on mutual mistake was not automatically required as it does not constitute a legal or technical term that the jury is incapable of understanding without an instruction. The fifteenth point of error is overruled.

The judgment of the trial court is affirmed.