**Randall CHRISTIAN, Appellant,**

v.

**Lillian CHRISTIAN, Appellee.**

No. 04–97–00444–CV.

Court of Appeals of Texas, San Antonio.

Dec. 16, 1998.

Annie Pearl Briscoe, Houston, for Appellant.

Mark I. Unger, The Law Office of Jack A. Efron, Inc., San Antonio, for Appellee.

Before PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

Randall Christian appeals the trial court's judgment ordering him to pay his ex-wife, Lillian Christian, $16,538.04, representing the unpaid portion of Lillian's one-half share of Randall's retirement benefits from 1979 through 1984. We hold the trial court abused its discretion in failing to dismiss the cause for want of prosecution, reverse the trial court's order, and render judgment dismissing the cause without prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

In a divorce decree signed August 8, 1979, Lillian was awarded a one-half interest in Randall's military retirement benefits. Lillian received less than her one-half share for the three years following her divorce and, in November 1982, moved to enforce the decree by contempt. Lillian set a hearing on her motion for February 17, 1983. The record of this hearing is not included in the record on appeal. However, the parties' testimony indicates Lillian later began receiving her share of Randall's military retirement benefits directly from the federal government.

On October 15, 1996, Lillian filed an amended motion for contempt, again seeking to recover her one-half share of Randall's retirement benefits from August 1979 through November 1982. At a hearing on January 8, 1997, Randall's attorney orally moved to dismiss Lillian's motion because she had not prosecuted it with due diligence. In response, Lillian admitted she made no effort to prosecute her contempt motion for over thirteen years; however, she claimed the delay was caused by her inability to pay her lawyer his hourly rate. After receiving briefing on the due diligence issue, the trial court resumed the hearing on February 7, 1997, and refused to dismiss the motion. Ultimately, the trial court ordered Randall to pay Lillian $16,538.04, attorney's fees, costs, and postjudgment interest. Although the trial court filed findings of fact and conclusions of law, neither address the issue of due diligence.

### STANDARD OF REVIEW

We review a trial court's denial of a motion to dismiss for want of prosecution under an abuse-of-discretion standard. *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (Tex.1957). An abuse of discretion with respect to factual matters occurs if the record establishes "the trial court could reasonably have reached only one decision." *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.*

### DISCUSSION

A motion may be dismissed for want of prosecution if the movant fails to prosecute the motion with due diligence. *Rizk v. Mayad,* 603 S.W.2d 773, 776 (Tex. 1980). To decide the due diligence issue, the trial court may consider the entire history of the case, including whether the movant has requested a hearing; the amount of activity

in the case; the passage of time; and the movant's excuses for the delay. *Ozuna v. Southwest Bio-Clinical Lab.*, 766 S.W.2d 900, 902 (Tex.App.—San Antonio 1989, writ denied). No single factor is dispositive, *id.*, and due diligence is generally a question of fact. *MacGregor v. Rich*, 941 S.W.2d 74, 75–76 (Tex.1997). However, the failure to exercise due diligence is conclusively established if (1) the delay in prosecuting a case is unreasonable as a matter of law and (2) the delaying party fails to establish a "sufficient excuse." *Callahan v. Staples*, 139 Tex. 8, 161 S.W.2d 489, 491 (1942); *see Denton County v. Brammer*, 361 S.W.2d 198, 201 (Tex.1962); *State v. Beever Farms, Inc.*, 549 S.W.2d 223, 227–28 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.).

### Unreasonable Delay As a Matter of Law

■ Lillian admits she made no effort to prosecute her contempt motion from February 1983 through September 1996—a delay of over thirteen years. A delay of seven years is unreasonable as a matter of law. *Brammer*, 361 S.W.2d at 200–01. We therefore hold the thirteen-year delay in this case is unreasonable as a matter of law, and the trial court had no discretion to conclude otherwise.

### Sufficient Excuse

■ Lillian argues her thirteen-year delay in prosecuting her contempt motion is excused by her inability to pay her attorney's hourly rate. We disagree.

For purposes of a common law dismissal for want of prosecution, what constitutes a "sufficient excuse" appears to be an open question under Texas law. *See Callahan*, 161 S.W.2d at 491 (reserving question). At most, the delaying party must establish the delay was caused by "fraud, accident or mistake such as is cognizable in a court of equity in granting relief against the enforcement of

a judgment." *Id.* But it may also suffice if the delaying party demonstrates the delay "was not intentional or the result of conscious indifference but was due to an accident or mistake or [some other reasonable explanation]." Tex.R. Civ. P. 165a(3); *see Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex.1995) (per curiam) (holding "[t]he operative standard [for reinstating a case dismissed for want of prosecution under Rule 165a(3) ] is essentially the same as that for setting aside a default judgment" under *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)). However, we need not decide which of these standards applies in this case because Lillian's excuse fails to meet either standard.

■ Lillian testified she did not prosecute her contempt motion from February 1983 through September 1996 because she did not have the money to pay her attorney his $75 hourly rate. However, the inability to pay a particular attorney is not a sufficient excuse for failing to exercise due diligence under either standard that might apply in this case. *Cf. Farr v. Jefferson Amusement Co.*, 396 S.W.2d 434, 436–37 (Tex.Civ.App.—Texarkana 1965, writ dism'd) (holding lawyer's disability was not a sufficient excuse for failing to obtain a venue hearing because party could have sought the help of other lawyers in the firm); *Lawrence v. Lawrence*, 911 S.W.2d 443, 448 (Tex.App.—Texarkana 1995, writ denied) (holding lack of money was not a sufficient excuse for failing to appeal an adverse judgment); *Nixon v. Humphrey*, 565 S.W.2d 365, 367 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.) (same); *Williams v. McSwain*, 596 S.W.2d 583, 584–85 (Tex.Civ. App.—Beaumont 1980, no writ) (holding defendant's failure to answer was the result of conscious indifference and not unintentional when defendant knew appearance date and failed to retain an attorney).[1] We therefore

---

1. In so holding, we need not and do not reach the more difficult issue of whether the inability to afford or obtain any representation for a similar period of time might be considered a "sufficient excuse" because the record does not establish Lillian was indigent. To the contrary, Lillian testified she received over $6000 from Randall from August 1979 through July 1982, the divorce

decree states her "present federal retirement rights ... are $4,379.36," and she was awarded the couple's home in San Antonio, all of which indicate she had both income and assets at the relevant time. Moreover, there is no evidence tending to establish Lillian attempted to prosecute her motion on a contingent fee basis and was unable to do so. *Cf., e.g., Markantonis v.*

hold Lillian's excuse is insufficient as a matter of law, and the trial court had no discretion to conclude otherwise.

### Obtaining a Trial Setting

 Finally, Lillian argues the trial court correctly refused to dismiss her contempt motion because she had recently become active in the case and had obtained a trial setting. We disagree.

As noted above, the failure to exercise due diligence is conclusively established if (1) the delay in prosecuting a case is unreasonable as a matter of law and (2) the delaying party fails to establish a "sufficient excuse." *Callahan*, 161 S.W.2d at 491; *Brammer*, 361 S.W.2d at 201; *Beever Farms*, 549 S.W.2d at 227–28. Under these circumstances, whether a party later becomes active and requests a trial setting is immaterial. *See Rorie v. Avenue Shipping Co.*, 414 S.W.2d 948, 954 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.) (four-year delay) (distinguishing *Brammer* and *Bevil* because they involved unexplained delays of seven and eight years, respectively). Lillian's reliance upon cases that did not involve a delay that was unreasonable as a matter of law is thus misplaced. *See Fedco Oil Co. v. Pride Refining Co.*, 787 S.W.2d 572, 573–75 (Tex.App.—Houston [14th Dist.] 1990, no writ) (three and one-half years); *Moore v. Armour & Co.*, 660 S.W.2d 577, 578 (Tex.App.—Amarillo 1983, no writ) (three and one-half years from time the case was first reinstated); *Rorie*, 414 S.W.2d at 949–50 (four years from time case was first reinstated).

### Conclusion

Lillian's testimony and the undisputed evidence conclusively establish she made no effort to prosecute her contempt motion for over thirteen years without a sufficient excuse. Texas law thus conclusively presumes Lillian failed to exercise due diligence, and the trial court abused its discretion in failing to dismiss the motion. We therefore sustain Randall Christian's point of error, reverse the trial court's order, and render judgment dismissing the cause without prejudice. In

*Tropoli*, 730 S.W.2d 91, 94 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (noting ex-wife

accordance with our disposition of Randall's appeal, we also deny Lillian Christian's motion for damages under Rule 45 of the Texas Rules of Appellate Procedure.

sued for contingent attorney's fee in enforcement action).