No. 04-01-00348-CV



RAINBOW HOME HEALTH, INC. and Cheryl WILLIAMS,


Appellants



v.



Ronald SCHMIDT and SCHMIDT & DAVIS, P.C.,


Appellees



From the 288th Judicial District Court, Bexar County, Texas


Trial Court No. 1998-CI-17836


Honorable Andy Mireles, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: February 13, 2002


AFFIRMED

 This is an appeal from the trial court's order dismissing the case for want of prosecution.
Appellants raise three issues: (1) whether the trial court erred in dismissing the case for want of
prosecution; (2) whether the trial court erred in failing to hold a hearing on Appellants' motion for
reinstatement; and (3) whether the trial court erred in failing to reinstate the case. For the reasons
stated below, we conclude that the trial court did not abuse its discretion in dismissing the matter and
in failing to reinstate the case. We also hold that trial court did not err in failing to hold a hearing
on Appellant's motion for reinstatement. 

Background

 This case is a legal malpractice suit which was first filed on December 13, 1998, by
Appellants Rainbow Home Health, Inc. and Cheryl Williams (hereinafter "Appellants"). Appellants
filed a First Amended Petition in February 1999. In February 2001, Appellants filed a motion to
retain after receiving notice from the trial court that the matter would be set on the dismissal docket.
The notice is not included in the record nor is there any reporter's record of a hearing on the motion
to retain. The trial court entered an order of dismissal on February 27, 2001, approximately two years
and two months after the case was first filed. The dismissal was without prejudice. In response,
Appellants filed a timely motion to reinstate pursuant to Tex. R. Civ. P. 165a(3). The court failed
to rule on the motion and the motion was overruled by operation of law. See Tex. R. Civ. P. 165a(3). 

 Cheryl Williams ("Williams"), Cruz Garza, Fran McLaughlin and Victoria Short were
shareholders in an entity, Rainbow Home Health, Inc. ("Rainbow"), which provided home health
services. According to Appellants' pleadings below, a dispute occurred between Williams and Garza
on the one hand and McLaughlin and Short on the other. Rainbow hired Appellees to represent it
during the dispute. Williams eventually filed a shareholder derivative suit against McLaughlin, Short
and Rainbow in 1995. Appellees represented McLaughlin, Short and Schmidt in that lawsuit until
they were disqualified by the trial court. The instant matter is a result of Appellants' allegations that
Appellees represented McLaughlin, Short and Rainbow to the detriment of Rainbow during the
dispute and the lawsuit. 


 In the trial court below, Appellants' motion to retain asserted one reason for failing to
prosecute the matter - the death of Williams' husband. This motion was denied by the trial court's
entry of an order of dismissal. In their motion for reinstatement, Appellants offered other reasons
for the delay in prosecuting the matter. By affidavit and attached exhibits, Appellants' counsel
attested to (1) the financial problems that Williams experienced as a result of her husband's death
in June 1999; (2) a letter from Appellants's counsel to Appellees' counsel requesting and
recommending deposition dates for Appellees which was never responded to; and (3) a letter from
Appellants to a prospective expert enclosing responses to certain discovery. Appellants' counsel also
attested that the expert was not retained due to the financial problems of the client. Finally, he
attested that he was "distracted by three major suits" during 2000. 

Standard of Review

 A trial court's ruling on a motion to dismiss and the overruling of a motion to reinstate are
reviewed under an abuse of discretion standard. See MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex.
1997); Rampart Capital Corp. v. Maguire, 974 S.W.2d 195, 197 (Tex. App.--San Antonio 1998,
pet. denied); Christian v. Christian, 985 S.W.2d 513, 514 (Tex. App.--San Antonio 1998, no pet.)
An abuse of discretion with respect to factual matters occurs if the record establishes that the "trial
court could reasonably have reached only one decision." Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992); Christian, 985 S.W.2d at 514. The question is whether the trial court acted without
reference to any guiding rules and principles, or whether the act was arbitrary or unreasonable. See
MacGregor, 941 S.W.2d at 76. Because the record does not contain findings of fact and conclusions
of law and no basis for the dismissal is specified in the order, the court must affirm on the basis of
any legal theory supported by the record. Rampart Capital Corp., 974 S.W.2d at 197; City of
Houston v. Thomas, 838 S.W.2d 296, 297 (Tex. App.--Houston [1st Dist.] 1992, no writ).

Dismissal for Want of Prosecution

 There are three grounds upon which a trial court may dismiss a case: (1) when a party fails
to appear at a hearing or trial pursuant to Tex. R. Civ. P. 165a(1); (2) when the case has not been
disposed of within the Supreme Court's time standard pursuant to Tex. R. Civ. P. 165a(2); and (3)
by the trial court's inherent power to dismiss when the case has not been prosecuted with due
diligence. See Villarreal v. San Antonio Truck & Equipment, 994 S.W.2d 628, 630 (Tex. 1999).
Here, the failure to appear is not a possible ground to affirm the order. While there is no record from
the hearing, there is no allegation and there is no evidence that Appellants failed to appear for the
hearing. Therefore, the Court must decide if the trial court's order of dismissal is supported by two
other bases (1) the failure to prosecute the case with diligence or (2) the failure to dispose of the case
within the Texas Supreme Court's standard. Because we conclude that the trial court did not abuse
its discretion in dismissing the case for failure to prosecute with due diligence, we do not address
whether the dismissal was proper for failing to comply with the Texas Supreme Court's time
standard.

 Whether a plaintiff has prosecuted a case with diligence is generally a question of fact. See
MacGregor, 941 S.W.2d at 75-76; Christian, 985 S.W.2d at 515. In determining whether due
diligence exists, the trial court may consider the entire history of the case. See Christian, 985 S.W.2d
at 514-15. The traditional factors that may be considered are (1) the length of time the case was on
file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the
existence of reasonable excuse for delay. Id. No single factor is dispositive. Id. 

 The record reflects that at the time Appellants filed their motion to retain, the instant matter
had been on file for approximately twenty-six months. The record fails to reflect that any substantive
activity was initiated by the Appellants on the matter between March 1999 and February 2001 when
the court set it for dismissal. In their motion to retain, Appellants alleged that discovery had
occurred in January 1999 and Appellants had responded to Appellees' discovery in March 1999.
However, this effectively left a period of twenty three months in which little to no activity had
occurred on the case. The sole excuse offered by Appellants for the lack of activity on the case was
that Williams "was unable for a substantial period of time to continue with the lawsuit" as a result
of her husband's death. Assuming that Appellants were trying to imply to the trial court that
Williams lacked financial ability to prosecute this case, such an excuse is not reasonable. This Court
has previously held that a client's inability to pay is not a sufficient excuse. See Christian, 985
S.W.2d at 515 -16. For these reasons, we hold that the trial court did not abuse its discretion in
dismissing the case.

Motion for Reinstatement

 Appellants raise two issues with respect to reinstatement (1) that the court erred in failing to
hold a hearing on their motion for reinstatement and (2) that the trial court abused its discretion in
failing to reinstate the case. 

 Appellants contend Tex. R. Civ. P. 165a(3) requires the trial court to set a hearing where a
timely motion has been filed. Appellants are correct and rely upon the Texas Supreme Court opinion
of Thordson v. City of Houston, 815 S.W.2d 550, 550 (Tex. 1991), which held that a hearing under
Rule 165a(3) is mandatory. In Thordson, the appellant had properly requested a hearing on his
motion to reinstate. See id. at 550; also Gulf Coast Inv. Corp. v. NASA I Business Center, 754
S.W.2d 152, 153 (Tex. 1988) (stating hearing on motion to reinstate required where appellant had
properly requested hearing). Appellees contend that Appellants waived their right to complain of
a lack of hearing on the basis that Appellants failed to call to the trial court's attention the need for
a hearing. See Cabrera v. Cedar Rapids, Inc., 834 S.W.2d 615, 618 (Tex. App.--Houston [14th Dist
1992, writ denied) (holding that before trial court error can be found in the failure to set a hearing
on a motion to reinstate the movant must request a hearing). We agree with Appellees.

 A review of the record reflects that the preamble to Appellants' motion specifically states
Appellants "move[] for reinstatement of their claims pursuant to Rule 165a of the Texas Rules of
Civil Procedure, move[] for a hearing on said motion and file[] this brief in support of said motion
. . . ." (Emphasis added). However, there is no evidence in the record that Appellants filed a fiat,
sent a letter, or made some other communication to the trial court in which they requested a hearing
on the motion. As such, there was no mechanism by which to call to the trial court's attention the
need for a hearing. See Cabrera, 834 S.W.2d at 618-19; Kelly v. Cunningham, 848 S.W.2d 370,
371 (Tex. App.--Houston [1st Dist.] 1993, no writ) (stating that a party may not lead a trial court into
error and then complain about it on appeal). Under these circumstances, we conclude that the trial
court did not err in failing to conduct a hearing on Appellants' motion for reinstatement.
Accordingly, we overrule Appellants' second issue.

 In their motion for reinstatement, Appellants offered more substantive reasons to show why
the trial court should have reinstated the matter, including providing a chronology of the activity on
the case, an affidavit of Appellants' counsel regarding factors affecting prosecution, and
correspondence to support Appellants' activities. This evidence was offered by Appellants for the
purpose of showing that its failure to prosecute the matter was not intentional or the result of
conscious indifference. See Tex. R. Civ. P. 165a(3). 

 This court and others have previously held that the standard for reinstating a case under Rule
165a(3) applies only to dismissals for failure to appear at a trial or other hearing. See Ozuna v.
Southwest Bio-Clinical Laboratories, Inc., 766 S.W.2d 900, 903 (Tex. App.--San Antonio 1989,
writ denied); also Goff v. Branch, 821 S.W.2d 732, 733 (Tex. App.--San Antonio 1991, writ
denied); Burton v. Hoffman, 959 S.W.2d 351, 354 (Tex. App.--Austin 1998, no pet.). In cases
where the matter as been dismissed for want of prosecution, we look to whether a party has
prosecuted the matter with due diligence.

 The chronology provided by Appellants reflected case activity in 1999. In his affidavit,
Appellants' counsel attested that it was in July 1999 that he was informed of Williams' husband's
death and of the uncertainty of "how she would proceed with personal and financial matters" as a
result of his death. As a consequence, Appellants' counsel took no further action on the matter until
October 1999. However, the record reflects little, if any, activity on the matter once counsel decided
to proceed in October 1999. While there is evidence that Appellants' counsel sent a letter to
opposing counsel in that month requesting deposition dates, there is no other evidence presented by
Appellants whether there was any follow-up to this request. Appellants also sent correspondence
in November 1999 to a potential expert asking him to review the matter. Appellants stated the expert
did not respond under February 2000. Once again, there is no evidence to show what, if anything,
was done with the opinions and conclusions of this expert in February of 2000. Finally, there is little
to no evidence of the activities Appellants engaged in to prosecute the case through 2000 and 2001.
Appellants' counsel attested that his participation in other cases and his mistaken belief that his
client was experiencing financial troubles as a result of her husband's death contributed to the delay
in prosecuting the matter. However, Appellants' counsel conceded that the other cases he was
working on did not "prevent[] him from proceeding on [this] case." Further, as noted above,
whether based on mistaken or true belief, the financial ability of Williams was not a sufficient excuse
to justify counsel's delay in prosecuting the matter. See Christian, 985 S.W.2d at 515 -16. Given
these circumstances, we cannot hold that the trial court abused its discretion in failing to reinstate
the case. We overrule Appellants' third issue.

Conclusion

 For the reasons stated above, we overrule Appellant's issues on appeal and affirm the trial
court's order of dismissal. 


 Alma L. López, Justice

PUBLISH