In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-168 CV


____________________



DONALD RAY MCCRAY, Appellant



V.



GIDEON DANIEL, Appellee






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-163,382






OPINION


 Donald Ray McCray appeals the dismissal of his suit for want of prosecution.
McCray, who is an inmate confined in the Institutional Division of the Texas Department
of Criminal Justice, filed a petition titled "Appeal for a Unit Grievance," in which he sued
Gideon Daniel for denying McCray his preferred prescription for treatment of
hemorrhoids. 


 Appellant filed his suit on July 24, 2000. The petition stated that the defendant was
a "P.A. Doctor at Mark W. Stiles Unit, 3060 FM-3514, Beaumont, Texas 77705" but did
not request issuance of citation. McCray's motion for default judgment, filed October 6,
2000, was denied on November 30, 2000. McCray filed a motion to reconsider,
complaining the district clerk failed to serve the defendant. On January 26, 2001, McCray
filed a "Motion for Preponderance of Evidence Hearing." On March 23, 2001, McCray
filed another motion for default judgment. On May 7, 2001, McCray filed a motion for
continuance to secure his own presence at the trial. A notice of trial setting, filed on
December 18, 2001, gave McCray notice of a March 25, 2002, trial. The notice states:

IMPORTANT NOTICE OF TRIAL SETTING


A-163,382


DONALD RAY MCCRAY


V.


GIDEON DANIEL


THE ABOVE REFERENCED CASE IS SET FOR TRIAL ON MARCH 25, 2002 AT
9:00 A.M. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE COURT.


 The trial court dismissed the case on the day of trial. The order of dismissal
includes the following recitals: "Be it remembered that, on March 25, 2002, the above
referenced case was called to trial. The court finds that the parties heretofore were
furnished timely notice of the setting. The Court further finds that the defendant had not
been duly served with citation." The trial judge made the following notation on the docket
sheet: "March 25, 2002 Case called to trial; Pl [Plaintiff] present, admits to notice of trial
setting since January 02; Ct. [Court] finds no service on defendant, no diligence in
securing same, case is DISMISSED FOR WANT OF PROSECUTION." 

 The Brief of the Appellant identifies as the "Issue Presented" a copy of the notice
of trial. A supplemental brief filed by the appellant identifies two issues: 1) "Failure to
give adequate notice violates the most rudimentary demands of due process of law;" and
2) "Other than the citation to be served upon the filing of a cause of action and may be
served by delivering a copy to the party to be served or the party's duly authorized agent
or attorney of record." McCray argues that the trial court abused its discretion in
dismissing the suit without first conducting a pre-trial hearing, ruling on pending motions (1),
and ordering the clerk to request the Attorney General locate the appellee. Much of the
argument in the briefs is either irrelevant or unsupported by the record. 

 McCray seems to argue that the district clerk perfected service on the defendant.
This claim is not supported by the record, which contains no citations, answers or other
acknowledgment of service, waivers of service, or any other indicia of issuance of citation.
The district clerk's duty to issue the citation arises only upon request. See Tex. R. Civ.
P. 99(a). The petition does not request issuance of citation, nor do we find a request to the
district clerk elsewhere in the record. Through his second issue in the supplemental brief,
the appellant possibly contends that he served the appellee by personally mailing a copy
of the petition to Daniel. This would be ineffective as process, because the rule permitting
service of subsequent pleadings and motions by a party to the suit does not apply to the
original petition. See Tex. R. Civ. P. 21a. It appears the recital in the order of dismissal,
that the defendant had not been served with process, is accurate despite the appellant's
claims to the contrary.

 The appellant also equates his motions for default judgment with requests for
issuance of citation. For instance, McCray claims that his "motion for issuing a citation"
was denied on November 30, 2000, but the copy attached to the brief reveals the denial
referred to his motion for default judgment. Although it is not included in the clerk's
record, McCray appends to his brief December 1, 2000, correspondence from the trial
court, which states, "Your motion for Default Judgment is Denied, as service has not been
perfected." No judgment may be rendered against any defendant unless upon service, or
acceptance or waiver of process. Tex. R. Civ. P. 124. Daniel had not been served with
process; therefore, the trial court could not render a judgment against the only defendant
named in the petition.

 McCray did not request issuance of citation when he filed his suit. He did not
secure service on the defendant, though he did ask for a judgment against that defendant. 
The trial court informed McCray that he had not secured service on the defendant. 
McCray did not arrange for issuance of citation after being informed that the defendant had
not been served. The trial court notified McCray the suit would be dismissed for want of
prosecution if he was not ready for trial by March 25, 2002. McCray announced that he
was ready, but in truth he was not ready for trial because he had not yet secured service
of citation on the defendant. The trial court secured McCray's personal attendance for
trial. The trial court called the case to trial. The trial court then dismissed the suit for
want of prosecution when McCray did not demonstrate he had prosecuted his suit by
serving the defendant or show diligence in attempting to do so. McCray made no request
for additional time to serve the defendant. 

 Appellant argues that failure to give notice violates the most rudimentary demands
of due process, but McCray received notice of the trial. Appended to his brief, but not
included in the record, is his document dated January 15, 2002, titled "Ready for Trial
Announcement." He received notice of the consequences of failure to announce ready for
trial. He announced ready without being ready, apparently expecting the trial court to hear
evidence and enter judgment without notice to Daniel that the suit had been filed. This the
trial court could not do. See Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 84,
108 S.Ct. 896, 99 L.Ed.2d 75 (1988). 

 The trial court may dismiss a suit for want of prosecution in the following instances:
1) on the failure of any party seeking affirmative relief to appear for any hearing or trial
of which the party had notice, see Tex. R. Civ. P. 165a(1); 2) when a case is not disposed
of within the time standards promulgated by the Supreme Court, see Tex. R. Civ. P.
165a(2); and 3) on the exercise of the trial court's inherent power to dismiss independently
of the rules of procedure when a plaintiff fails to prosecute his case with due diligence. 
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999). Before a
trial court may dismiss a case under its inherent authority, it must provide the plaintiff with
notice and an opportunity to be heard. Villarreal, 994 S.W.2d at 630. 

 This case is distinguishable from Villarreal. The plaintiff in Villarreal was prepared
to go forward with the trial of the case, but the trial court dismissed the suit. Villarreal
concerned a dismissal docket call, but this case involves an order issued at trial. McCray
received notice of the trial. McCray announced "ready" for trial before the trial date,
although in fact he was not ready because he had not secured service of process upon the
defendant. He did not thereafter file a motion for continuance or a motion to retain the
case on the docket despite the lack of service on defendant. Since judgment cannot be
rendered against any defendant unless upon service, or acceptance or waiver of process,
see Tex. R. Civ. P. 124, only one resolution of the case was possible at trial. Whether the
court dismissed the suit for lack of jurisdiction over the defendant or for want of
prosecution matters not; in the absence of a motion for continuance or a reasonable
explanation for the lack of service on the defendant, dismissal was appropriate.

 The trial court's ruling that McCray failed to exercise due diligence is supported by
the record. In determining whether due diligence exists, the trial court may consider the
entire history of the case, including: (1) the length of time the case was on file; (2) the
extent of activity in the case; (3) whether a trial setting was requested; and (4) the
existence of reasonable excuse for delay. Christian v. Christian, 985 S.W.2d 513, 514-15
(Tex. App.--San Antonio 1998, no pet.). Due diligence is generally a question of fact. 
Id. In this case, McCray let his suit languish for more than eighteen months without
arranging for service on the defendant, despite notice from the trial court that service had
not been perfected.

 We find the trial court acted within its discretion in dismissing McCray's suit. 
McCray sought to proceed at trial without having secured the court's jurisdiction over the
defendant. The record supports a finding of a lack of due diligence in prosecuting the suit. 
We overrule the issues presented in the appeal. The judgment of the trial court is
affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on September 12, 2002

Opinion Delivered September 19, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. McCray sought to bench warrant two inmates to testify at trial regarding their
own experiences with the defendant.