

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00203-CV

**IDA MAE ANDERSON, SALLIE BAYLOR,
CHRISTAL BOONE, ELAINE COLEMAN,
KATIE DELANEY, RAYMOND C. GREEN,
DORIS M. HALL, MARGARET HARRIS,
MARY LEE JONES, WILBUR JONES, HARVEY
L. MCMURRAY, BENJI NEWMAN, CADINO
NEWMAN, RUBY SHAW, HELEN SMITH,
HOSEA W. TATE, SR.,**

                                                              **Appellants**

 **v.**

**CIRCLE X LAND & CATTLE CO., LTD.,**

                                                              **Appellee**

---

### From the 82nd District Court
### Robertson County, Texas
### Trial Court No. 00-12-16,098-CV-A

---

## MEMORANDUM OPINION

---

Ida Mae Anderson and twenty other heirs (hereinafter "Anderson") who each own undivided interests in a parcel of real property appeal the granting of a motion for traditional summary judgment in favor of Circle X Land & Cattle, Ltd. *See* TEX. R. CIV. PROC. 166a(c). The trial court granted a motion for a partial summary judgment filed by

Circle X and entered an order that granted Circle X a judgment for amounts Circle X paid to the taxing authority for property taxes and granted Circle X subrogation rights to the real property. The trial court then severed the remainder of the case from that order, making that order a final judgment as to those claims. Anderson complains that the trial court erred in granting the motion for summary judgment, erred by granting the severance, and erred by denying their motion for dismissal for want of prosecution. Because we find that the trial court abused its discretion by denying Anderson's motion to dismiss, we reverse the judgment of the trial court.

Circle X purchased the interests of three of the heirs who owned undivided interests in the property, which originally consisted of approximately 369 acres. Circle X paid the entire balance of the property taxes that were due on the property for three tax years. In December of 2000, Circle X filed a petition against Anderson and the twenty other heirs in order to be reimbursed for property taxes that Circle X had paid on the entire parcel of land and later added a suit to demand partition of the property.

*Anderson's Motion to Dismiss*

When multiple grounds for reversal of a judgment on appeal are presented, we first address those points or issues that would afford a party the greatest relief. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999). If disposition of one issue would result in a rendition, the court should consider that issue before addressing any issues that would only result in a remand. *Bradleys' Elec.*, 995 S.W.2d at 677.

The trial court first sent a notice of hearing for a dismissal for want of prosecution on February 12, 2004. Circle X responded by filing a motion to retain the case. Anderson filed a motion to dismiss or alternatively, to abate the case on September 27, 2007. A hearing was set on October 9, 2007, at which time it appears that the trial court deferred a ruling for 45 days to allow Circle X to make progress on the case. A second hearing on that motion was heard on May 19, 2008, the same day as the hearing on the motion for summary judgment. The trial court denied the motion to dismiss by a written ruling on May 23, 2008. Anderson complains that the trial court abused its discretion in denying the motion to dismiss.

*Abuse of Discretion*

A trial court's ruling on a motion to dismiss is reviewed under an abuse of discretion standard. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Rampart Capital Corp. v. Maguire*, 974 S.W.2d 195, 197 (Tex. App.—San Antonio 1998, pet. denied); *Christian v. Christian*, 985 S.W.2d 513, 514 (Tex. App.—San Antonio 1998, no pet.) An abuse of discretion with respect to factual matters occurs if the record establishes that the "trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *Christian*, 985 S.W.2d at 514. The question is whether the trial court acted without reference to any guiding rules and principles, or whether the act was arbitrary or unreasonable. On factual issues or other matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. Even if we would decide the issue differently, we should not disturb the trial court's decision unless it is without reference

to any guiding rules and principles, or it is arbitrary and unreasonable. *Walker*, 827 S.W.2d at 840; *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); s*ee also MacGregor*, 941 S.W.2d at 76.

However, we give less deference when we review the trial court's application of the law. A trial court has no discretion to determine what the law is or to apply the law to the facts. *Walker*, 827 S.W.2d at 840. The trial court's clear failure to analyze or correctly apply the law is an abuse of discretion. *Walker*, 827 S.W.2d at 840.

### *Dismissal for Want of Prosecution*

There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial pursuant to Texas Rule of Civil Procedure 165a(1); (2) when the case has not been disposed of within the Supreme Court's time standard pursuant to Texas Rule of Civil Procedure 165a (2); and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. *See Villarreal v. San Antonio Truck & Equipment*, 994 S.W.2d 628, 630 (Tex. 1999). On appeal, Anderson raises only the abuse of discretion in the trial court's failure to invoke its inherent power to dismiss.

Whether a plaintiff has prosecuted a case with diligence is generally a question of fact. *See MacGregor*, 941 S.W.2d at 75-76; *Christian*, 985 S.W.2d at 515. In determining whether due diligence exists, the trial court may consider the entire history of the case. *See Christian*, 985 S.W.2d at 514-15. The traditional factors that may be considered are (1) the length of time the case was on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuse for

delay. *See WMC Mortgage Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied); *Christian*, 985 S.W.2d at 514-515. No single factor is dispositive. *Id*. However, the failure to exercise due diligence is conclusively established if (1) the delay in prosecuting a case is unreasonable as a matter of law and (2) the delaying party fails to establish a "sufficient excuse." *Callahan v. Staples*, 139 Tex. 8, 161 S.W.2d 489, 491 (1942); *Christian*, at 515.

In this case, the original petition was filed on December 12, 2000. An answer was filed by all of the named defendants by one attorney on February 28, 2001. A final hearing was set on September 21, 2001. On September 11, 2001, a claim for a partition was added in an amended petition filed by Circle X. Circle X filed a motion to show authority for the attorney's representation of all of the listed defendants. The trial court granted the motion and struck the answer of all of the defendants except for Appellants.

The trial court sent a notice to the parties of a dismissal hearing on February 12, 2004 due to a lack of activity on the case for more than a year. Circle X filed a motion to retain the case, citing that the parties were attempting to reach an agreed settlement on the partition. A motion to quash regarding two depositions was filed by Circle X on January 21, 2005. An order granting Anderson's motion to abate was signed on March 15, 2005 as to the partition action only in order for Circle X to join the necessary parties, as the defendants whose answers had been stricken had not yet been served. A final hearing was set for September 12, 2005, apparently while the case was still abated. The abatement was lifted by agreement on February 14, 2007, although service had not yet been completed on any of the other named defendants whose answers had been

stricken. Anderson filed their motion to dismiss or to abate on September 27, 2007, which was set for hearing on October 16, 2007. A letter from Anderson on November 27, 2007 is the only document in the clerk's record until Circle X filed a motion for summary judgment on March 6, 2008, which was granted as to the money judgment and equitable subrogation issues only on June 5, 2008, and denied as to the dismissal.

The case was on file for almost seven and a half years. *See Denton County v. Brammer*, 361 S.W.2d 198, 201 (Tex. 1962) (delay of seven years is unreasonable as a matter of law). *Compare* TEX. R. JUD. ADMIN. 6(b)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (Vernon Supp. 2008) (civil nonjury cases should be tried within twelve months). The only defendants that were served in the case were the Appellants. There is nothing in the record to demonstrate any attempts by Circle X to serve the other named defendants at any time, even after the case was abated for Circle X to attempt to serve the other defendants. Circle X did not file a response to the motion to dismiss. The transcript of the hearing where the trial court denied Anderson's motion to dismiss is brief. Circle X did not make any attempt to explain its lack of diligence, other than to vaguely reference attempted settlement as to the partition action, even when specifically asked to explain by the trial court. At the time of the hearing, the motion to sever had not yet been filed.

In its brief to this Court, Circle X merely states in response to Anderson's issue that the trial court did not err in denying the motion to abate because the other named defendants were not necessary to the money judgment for the reimbursement of the property taxes or the judgment granting equitable subrogation. There is still no

explanation as to why the delay of more than seven years was necessary or why the case needed to be abated if the parties were not necessary. If this were the case, there is certainly no explanation as to the necessity to wait for seven years to file the motion for partial summary judgment at issue before us. We find that the length of time the case remained pending with no action and no explanation for the lack of activity in what even Circle X asserts is a simple action for reimbursement for taxes was unreasonable as a matter of law and that the trial court abused its discretion in determining that Circle X exercised due diligence in the prosecution of this case as they provided virtually nothing to rebut that conclusion.

We have recently addressed the issue of the denial of a motion to dismiss for want of prosecution and found that the trial court did not abuse its discretion in denying that motion after a delay of twelve years. *See Flying Diamond-West Madisonville Ltd. P'ship v. GW Petroleum, Inc*., No. 10-07-00281-CV, 2009 Tex. App. LEXIS 6891 (Tex. App.—Waco Aug. 26, 2009, no pet. h.). However, we find that case to be distinguishable. The legal issues involved in *Flying Diamond* were extensive both in length and complexity, which is not present in this case. Additionally, in that case, a response was filed by the plaintiffs and an explanation as to specific reasons for the delay was given in that response and in the hearing on the motion which we held was a reasonable explanation for the delay. *See Flying-Diamond*, 2009 Tex. App. LEXIS 6891 at *10. Circle X did neither.

The trial court abused its discretion by not granting Anderson's motion to dismiss. We sustain issue three. Because we sustain this issue, we do not reach Anderson's first issue.

*Severance*

Generally, we would not reach Anderson's second issue based on our disposition of issue three. However, due to the somewhat unique procedural history of the case, we find it necessary to address Anderson's second issue, albeit in an abbreviated manner. *See* TEX. R. APP. P. 43.3 & 47.1. Anderson's complaint in their second issue is that the trial court erred by granting a severance of the partition claim from the money judgment for reimbursement and equitable subordination claims. Circle X filed a motion to sever the claims on March 3, 2009, which was granted by the trial court on March 30, 2009. The partition claim was severed into a new cause number, making the partial judgment granting the motion for summary judgment final for purposes of appeal. Because we have held that the trial court should have granted the motion to dismiss the suit in its entirety prior to the severance, it is necessary for our disposition of this appeal that the severance must also be set aside based on the prior error regarding dismissal. We sustain issue two.

*Conclusion*

We find that the trial court abused its discretion by denying Anderson's motion to dismiss. Because the trial court should have dismissed Circle X's claims in their entirety, the order of severance was also erroneous and is set aside. Therefore, we

reverse the judgment of the trial court and render a judgment of dismissal as to all claims filed by Circle X.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     "(Justice Davis concurs in part with the Court's judgment that the judgment should be reversed.  He dissents in part because the cause should not have been severed and therefore, would remand.  He does not join the Court's opinion.  A separate opinion will not issue.)"
Reversed and rendered
Opinion delivered and filed March 24, 2010
[CV06]