IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00203-CV

 

Ida Mae Anderson, Sallie Baylor, 

Christal Boone, Elaine Coleman, 

Katie Delaney, Raymond C. Green, 

Doris M. Hall, Margaret Harris, 

Mary Lee Jones, Wilbur Jones, Harvey 

L. McMurray, Benji Newman, Cadino 

Newman, Ruby Shaw, Helen Smith, 

Hosea W. Tate, Sr.,

                                                                                    Appellants

 v.

 

Circle X Land & Cattle Co., Ltd.,

                                                                                    Appellee

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court No. 00-12-16,098-CV-A

 



MEMORANDUM  Opinion










 

            Ida Mae Anderson and twenty other
heirs (hereinafter “Anderson”) who each own undivided interests in a parcel of
real property appeal the granting of a motion for traditional summary judgment
in favor of Circle X Land & Cattle, Ltd.  See Tex. R. Civ. Proc. 166a(c).  The trial
court granted a motion for a partial summary judgment filed by Circle X and
entered an order that granted Circle X a judgment for amounts Circle X paid to
the taxing authority for property taxes and granted Circle X subrogation rights
to the real property.  The trial court then severed the remainder of the case
from that order, making that order a final judgment as to those claims.  Anderson complains that the trial court erred in granting the motion for summary judgment,
erred by granting the severance, and erred by denying their motion for
dismissal for want of prosecution.  Because we find that the trial court abused
its discretion by denying Anderson’s motion to dismiss, we reverse the judgment
of the trial court.

            Circle X purchased the interests of
three of the heirs who owned undivided interests in the property, which
originally consisted of approximately 369 acres.  Circle X paid the entire
balance of the property taxes that were due on the property for three tax
years.  In December of 2000, Circle X filed a petition against Anderson and the twenty other heirs in order to be reimbursed for property taxes that
Circle X had paid on the entire parcel of land and later added a suit to demand
partition of the property. 

Anderson’s Motion to Dismiss

When multiple grounds for reversal of a judgment
on appeal are presented, we first address those points or issues that would
afford a party the greatest relief.  CMH Homes, Inc. v. Daenen, 15
S.W.3d 97, 99 (Tex. 2000); Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.,
995 S.W.2d 675, 677 (Tex. 1999).  If disposition of one issue would result in a
rendition, the court should consider that issue before addressing any issues
that would only result in a remand.  Bradleys' Elec., 995 S.W.2d at 677.

            The trial court first sent a notice of
hearing for a dismissal for want of prosecution on February 12, 2004.  Circle X
responded by filing a motion to retain the case.  Anderson filed a motion to
dismiss or alternatively, to abate the case on September 27, 2007.  A hearing
was set on October 9, 2007, at which time it appears that the trial court
deferred a ruling for 45 days to allow Circle X to make progress on the case. 
A second hearing on that motion was heard on May 19, 2008, the same day as the
hearing on the motion for summary judgment.  The trial court denied the motion
to dismiss by a written ruling on May 23, 2008.  Anderson complains that the
trial court abused its discretion in denying the motion to dismiss.

Abuse of Discretion

A trial court’s ruling on a motion to dismiss is
reviewed under an abuse of discretion standard.  See MacGregor v. Rich,
941 S.W.2d 74, 75 (Tex. 1997); Rampart Capital Corp. v. Maguire,
974 S.W.2d 195, 197 (Tex. App.—San Antonio 1998, pet. denied); Christian v.
Christian, 985 S.W.2d 513, 514 (Tex. App.—San Antonio 1998, no pet.)  An
abuse of discretion with respect to factual matters occurs if the record
establishes that the “trial court could reasonably have reached only one
decision.”  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992); Christian, 985 S.W.2d at 514.  The question is whether the trial court
acted without reference to any guiding rules and principles, or whether the act
was arbitrary or unreasonable.  On factual issues or
other matters committed to the trial court’s discretion, we may not substitute
our judgment for that of the trial court.  Walker, 827 S.W.2d at 839. 
Even if we would decide the issue differently, we should not disturb the trial
court’s decision unless it is without reference to any guiding rules and
principles, or it is arbitrary and unreasonable.  Walker, 827 S.W.2d at
840; Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); see also MacGregor, 941 S.W.2d at 76. 

However, we give less deference when
we review the trial court’s application of the law.  A trial court has no
discretion to determine what the law is or to apply the law to the facts.  Walker, 827 S.W.2d at 840.  The trial court’s clear failure to analyze or correctly
apply the law is an abuse of discretion.  Walker, 827 S.W.2d at 840.

Dismissal for Want of Prosecution

There are three grounds upon which a trial court
may dismiss a case: (1) when a party fails to appear at a hearing or trial
pursuant to Texas Rule of Civil Procedure 165a(1); (2) when the case has not
been disposed of within the Supreme Court’s time standard pursuant to Texas
Rule of Civil Procedure 165a (2); and (3) by the trial court’s inherent power
to dismiss when the case has not been prosecuted with due diligence.  See
Villarreal v. San Antonio Truck & Equipment, 994 S.W.2d 628, 630 (Tex. 1999).  On appeal, Anderson raises only the abuse of discretion in the trial court’s
failure to invoke its inherent power to dismiss. 

Whether a plaintiff has prosecuted a case with
diligence is generally a question of fact.  See MacGregor, 941 S.W.2d at
75-76; Christian, 985 S.W.2d at 515.  In determining whether due
diligence exists, the trial court may consider the entire history of the case. 
See Christian, 985 S.W.2d at 514-15.  The traditional factors that may
be considered are (1) the length of time the case was on file; (2) the extent
of activity in the case; (3) whether a trial setting was requested; and (4) the
existence of reasonable excuse for delay.  See WMC Mortgage Corp. v. Starkey,
200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied); Christian, 985
S.W.2d at 514-515.   No single factor is dispositive.  Id. 
However, the failure to exercise due diligence is conclusively established if
(1) the delay in prosecuting a case is unreasonable as a matter of law and (2)
the delaying party fails to establish a “sufficient excuse.”  Callahan v.
Staples, 139 Tex. 8, 161 S.W.2d 489, 491 (1942); Christian, at 515.

In this case, the original petition was filed on
December 12, 2000.  An answer was filed by all of the named defendants by one
attorney on February 28, 2001.  A final hearing was set on September 21, 2001. 
On September 11, 2001, a claim for a partition was added in an amended petition
filed by Circle X.  Circle X filed a motion to show authority for the attorney’s
representation of all of the listed defendants.  The trial court granted the
motion and struck the answer of all of the defendants except for Appellants.

The trial court sent a notice to the parties of a
dismissal hearing on February 12, 2004 due to a lack of activity on the case
for more than a year.  Circle X filed a motion to retain the case, citing that
the parties were attempting to reach an agreed settlement on the partition.  A
motion to quash regarding two depositions was filed by Circle X on January 21,
2005.  An order granting Anderson’s motion to abate was signed on March 15,
2005 as to the partition action only in order for Circle X to join the
necessary parties, as the defendants whose answers had been stricken had not
yet been served.  A final hearing was set for September 12, 2005, apparently
while the case was still abated.  The abatement was lifted by agreement on
February 14, 2007, although service had not yet been completed on any of the
other named defendants whose answers had been stricken.  Anderson filed their
motion to dismiss or to abate on September 27, 2007, which was set for hearing
on October 16, 2007.  A letter from Anderson on November 27, 2007 is the only
document in the clerk’s record until Circle X filed a motion for summary
judgment on March 6, 2008, which was granted as to the money judgment and
equitable subrogation issues only on June 5, 2008, and denied as to the
dismissal.

The case was on file for almost seven and a half
years.  See Denton County v. Brammer, 361 S.W.2d 198, 201 (Tex. 1962) (delay of seven years is unreasonable as a matter of law).  Compare Tex. R. Jud. Admin. 6(b)(2), reprinted
in Tex. Gov’t Code Ann., tit.
2, subtit. F app. (Vernon Supp. 2008) (civil nonjury cases should be tried
within twelve months).  The only defendants that were served in the case were
the Appellants.  There is nothing in the record to demonstrate any attempts by
Circle X to serve the other named defendants at any time, even after the case
was abated for Circle X to attempt to serve the other defendants.  Circle X did
not file a response to the motion to dismiss.  The transcript of the hearing
where the trial court denied Anderson’s motion to dismiss is brief.  Circle X
did not make any attempt to explain its lack of diligence, other than to
vaguely reference attempted settlement as to the partition action, even when
specifically asked to explain by the trial court.  At the time of the hearing,
the motion to sever had not yet been filed.

In its brief to this Court, Circle X merely states
in response to Anderson’s issue that the trial court did not err in denying the
motion to abate because the other named defendants were not necessary to the
money judgment for the reimbursement of the property taxes or the judgment
granting equitable subrogation.  There is still no explanation as to why the
delay of more than seven years was necessary or why the case needed to be
abated if the parties were not necessary.  If this were the case, there is
certainly no explanation as to the necessity to wait for seven years to file
the motion for partial summary judgment at issue before us.  We find that the
length of time the case remained pending with no action and no explanation for
the lack of activity in what even Circle X asserts is a simple action for
reimbursement for taxes was unreasonable as a matter of law and that the trial
court abused its discretion in determining that Circle X exercised due
diligence in the prosecution of this case as they provided virtually nothing to
rebut that conclusion.  

We have recently addressed the issue of the denial
of a motion to dismiss for want of prosecution and found that the trial court
did not abuse its discretion in denying that motion after a delay of twelve
years.  See Flying Diamond-West Madisonville Ltd. P'ship v. GW Petroleum,
Inc., No. 10-07-00281-CV, 2009 Tex. App. LEXIS 6891 (Tex. App.—Waco Aug.
26, 2009, no pet. h.).  However, we find that case to be distinguishable.  The
legal issues involved in Flying Diamond were extensive both in length
and complexity, which is not present in this case.  Additionally, in that case,
a response was filed by the plaintiffs and an explanation as to specific
reasons for the delay was given in that response and in the hearing on the
motion which we held was a reasonable explanation for the delay.  See
Flying-Diamond, 2009 Tex. App. LEXIS 6891 at *10.  Circle X did neither.  

The trial court abused its discretion by not
granting Anderson’s motion to dismiss.  We sustain issue three.  Because we
sustain this issue, we do not reach Anderson’s first issue.

Severance

            Generally, we would not reach Anderson’s second issue based on our disposition of issue three.  However, due to the
somewhat unique procedural history of the case, we find it necessary to address
 Anderson’s second issue, albeit in an abbreviated manner.  See Tex. R. App. P. 43.3 & 47.1. 
Anderson’s complaint in their second issue is that the trial court erred by
granting a severance of the partition claim from the money judgment for
reimbursement and equitable subordination claims.  Circle X filed a motion to
sever the claims on March 3, 2009, which was granted by the trial court on
March 30, 2009.  The partition claim was severed into a new cause number,
making the partial judgment granting the motion for summary judgment final for
purposes of appeal.  Because we have held that the trial court should have
granted the motion to dismiss the suit in its entirety prior to the severance,
it is necessary for our disposition of this appeal that the severance must also
be set aside based on the prior error regarding dismissal.  We sustain issue
two. 

Conclusion

We find that the trial court abused its discretion
by denying Anderson’s motion to dismiss.  Because the trial court should have
dismissed Circle X’s claims in their entirety, the order of severance was also
erroneous and is set aside.  Therefore, we reverse the judgment of the trial
court and render a judgment of dismissal as to all claims filed by Circle X.  

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

            “(Justice
Davis concurs in part with the Court’s judgment that the judgment should be
reversed.  He dissents in part because the cause should not have been severed
and therefore, would remand.  He does not join the Court’s opinion.  A separate
opinion will not issue.)”

Reversed
and rendered

Opinion
delivered and filed March 24, 2010

[CV06]