**Alan and Myrna KROHN, Appellants,**

v.

**MARCUS CABLE ASSOCIATES, L.P. and Charter Communications, Inc., Appellees.**

No. 10–05–00189–CV.

Court of Appeals of Texas, Waco.

July 19, 2006.

Rehearing Overruled Aug. 15, 2006.

---

Brett L. Bigham, Waxahachie, for Appellants.

William P. Johnson, Susan Dillon Ayers, Baker Botts L.L.P., Austin, for Appellees.

Before Judge WALTON, Justice REYNA, and Judge YELENOSKY.*

---

## OPINION

FELIPE REYNA, Justice.

Alan and Myrna Krohn filed suit against Marcus Cable Associates, L.P. and Charter Communications, Inc. (collectively, "Marcus") for trespass, alleging that Marcus had no easement to run its cable television line across the Krohns' property. The Krohns sought damages and an injunction. The trial court granted Marcus's summary judgment motion and rendered a take-nothing judgment. Because Marcus conclusively established that the Krohns' claims are barred by limitations and because the Krohns' request for injunctive relief is moot, we will affirm.

## Background

The pertinent facts are not disputed. The Krohns purchased an 11.764–acre tract of land in 1984. At that time, Hill County Electric Cooperative, Inc. maintained power lines on utility poles which crossed the Krohns' property pursuant to an easement which had been granted by the Krohns' predecessors in interest. Under an agreement with the Cooperative, Marcus installed a cable television line on these utility poles in 1985 or 1986. The Krohns noticed the cable line at or near the time it was installed but consciously chose to take no action at that time.

The Krohns decided to build a new home on the property in 1997. However, some of the trucks used by the builders and by vendors delivering materials to the property were unable to enter the property because of the height of the telephone and cable television lines attached to the

---

* The Honorable Ralph H. Walton, Jr., Judge of the 355th District Court of Hood County, and the Honorable Stephen Yelenosky, Judge of the 345th District Court of Travis County, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* Tex. Gov't Code Ann. § 74.003(h) (Vernon 2005).

Cooperative's utility poles. At the Krohns' request, the telephone company removed its line from the poles. However, Marcus did not respond to the Krohns' request to raise the cable line or remove it. Accordingly, the Krohns retained an attorney who sent a letter to Marcus in November 1997 advising that Marcus had no right to maintain a cable line across the Krohns' property and that the cable line should be removed within ten days.

When Marcus refused to remove the line, the Krohns filed suit. In an earlier chapter of this litigation, the trial court granted Marcus's summary judgment motion in which Marcus contended that it had the right to run its cable line in the Cooperative's easement. However, because the language of the easement permitted the Cooperative to place only "an electric transmission or distribution line or system" on the property, this Court reversed the judgment and remanded the case for further proceedings. *See Krohn v. Marcus Cable Assocs., L.P.,* 43 S.W.3d 577, 584 (Tex.App.-Waco 2001), *aff'd,* 90 S.W.3d 697 (Tex.2002).

On remand, Marcus filed another summary judgment motion. This time, Marcus raised both traditional and no-evidence grounds for summary judgment. As traditional grounds, Marcus alleged that it had conclusively established all the elements for the affirmative defenses of: (1) limitations; (2) laches; and (3) prescriptive easement. Marcus also alleged, assuming it did not prevail on any of these affirmative defenses, that it had conclusively established its entitlement to judgment on the issues of: (1) actual damages; (2) attorney's fees; (3) mootness as to the Krohns' request for an injunction; and (4) exemplary damages. Finally, Marcus alleged that the Krohns could produce no evidence that it acted with fraud or malice in connection with their claim for exemplary damages.

The court granted Marcus's motion with respect to all three affirmative defenses and with respect to the Krohns' claims for exemplary damages, attorney's fees, and injunctive relief. Accordingly, the court rendered a take-nothing judgment.

## Issues Presented

The Krohns present six issues in which they contend that the court erred by granting Marcus's summary judgment motion on the three affirmative defenses and on the Krohns' claims for exemplary damages, attorney's fees, and injunctive relief.

## Limitations

The Krohns contend in their first issue that the court erred by granting summary judgment on the affirmative defense of limitations because: (1) the discovery rule applies and limitations did not begin to run until 1997; and (2) the presence of the cable line on their property constituted a continuing tort.

■ The limitations period for a trespass action is "two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp. 2005). "In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 221 (Tex.2003); *accord Franco v. Slavonic Mut. Fire Ins. Ass'n,* 154 S.W.3d 777, 789 (Tex.App.-Houston [14th Dist.] 2004, no pet.).

■ Under the discovery rule, limitations does not begin to run until a plaintiff "discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action." *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 120–21

(Tex.2001); *accord Pirtle v. Kahn,* 177 S.W.3d 567, 573 (Tex.App.-Houston [1st Dist.] 2005, pet. denied).

■ "A party seeking to avail itself of the discovery rule must . . . plead the rule, either in its original petition or in an amended or supplemented petition in response to defendant's assertion of the [statute of limitations] as a matter in avoidance." *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 518 (Tex.1988); *accord Proctor v. White,* 172 S.W.3d 649, 652 (Tex.App.-Eastland 2005, no pet.); *Sanders v. Constr. Equity, Inc.,* 42 S.W.3d 364, 368 (Tex.App.-Beaumont 2001, pet. denied). If the plaintiff fails to plead the discovery rule in a petition, then it is waived as other matters of avoidance. *See Woods,* 769 S.W.2d at 518; *Dickson Constr., Inc. v. Fid. & Deposit Co.,* 960 S.W.2d 845, 850 (Tex.App.-Texarkana 1997), *aff'd,* 5 S.W.3d 353 (Tex.App.-Texarkana 1999); *cf. In re Marriage of Smith,* 115 S.W.3d 126, 131 (Tex.App.-Texarkana 2003, pet. denied) (failure to plead affirmative defense of preemption under Rule of Civil Procedure 94 waives that affirmative defense).

■ However, if a plaintiff asserts the discovery rule in response to a summary judgment motion raising the statute of limitations, even though the discovery rule has not been pleaded in the plaintiff's petition, the parties will be deemed to have tried the issue by consent unless the defendant objects to the plaintiff's assertion of the discovery rule. *Proctor,* 172 S.W.3d at 652; *cf. Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 494 (Tex.1991) ("an unpleaded affirmative defense may also serve as the basis for a summary judgment when it is raised in the summary judgment motion, and the opposing party does not object to the lack of a rule 94 pleading in either its written response or before the rendition of judgment"); *Head v. U.S. Inspect DFW, Inc.,* 159 S.W.3d 731, 740 (Tex.App.-Fort Worth 2005, no pet.) (same).

■ Here, the Krohns did not plead the discovery rule in their original petition or in any amended or supplemental petition. Marcus expressly objected to the Krohns' assertion of the discovery rule in their summary judgment response. Therefore, the discovery rule was not tried by consent in the summary judgment hearing. *See Proctor,* 172 S.W.3d at 652; *cf. Roark,* 813 S.W.2d at 494; *Head,* 159 S.W.3d at 740. Accordingly, because the Krohns did not plead the discovery rule in their petition, they have waived it. *See Woods,* 769 S.W.2d at 518; *Dickson Constr.,* 960 S.W.2d at 850; *cf. Smith,* 115 S.W.3d at 131.

■ Nevertheless, the Krohns also contend that their trespass suit is not barred by limitations because Marcus's trespass constitutes a continuing tort.[1] *See Rogers v. Ardella Veigel Inter Vivos Trust,* 162 S.W.3d 281, 290 (Tex.App.-Amarillo 2005, pet. denied); *W.W. Laubach Trust v. The Georgetown Corp.,* 80 S.W.3d 149, 159 (Tex.App.-Austin 2002, pet. denied); *Dickson Constr.,* 960 S.W.2d at 851. A cause of action for a continuing tort does not accrue until the defendant's tortious conduct ceases. *Id.*

■ In determining whether there is a continuing tort, "care must be taken to distinguish between 1) repeated injury proximately caused by repetitive wrongful or tortious acts and 2) continuing injury arising from one wrongful act. While the former evinces a continuing tort, the latter does not." *Rogers,* 162 S.W.3d at 290; *accord Dickson Constr.,* 960 S.W.2d at 851.

---

1. The Supreme Court has "neither endorsed nor addressed" the continuing tort doctrine. *See Creditwatch, Inc. v. Jackson,* 157 S.W.3d 814, 816 n. 8 (Tex.2005).

Here, the Krohns allege one wrongful act—the placement of the cable line across their property—which has been a source of continuing injury. Therefore, we hold as a matter of law that Marcus's trespass was not a continuing tort.

▆ The parties also dispute whether the trespass should be characterized as permanent or temporary. It has been held that the continuing tort doctrine does not apply in the case of a permanent injury to real property. *See W.W. Laubach Trust,* 80 S.W.3d at 159; *Mitchell Energy Corp. v. Bartlett,* 958 S.W.2d 430, 443 (Tex. App.-Fort Worth 1997, pet. denied). This conclusion is probably nothing more than a recognition that a permanent injury to land will generally arise from a single tortious act which causes continuing injury to the landowner. Such a permanent injury, by definition, would not constitute a continuing tort. *See Rogers,* 162 S.W.3d at 290; *Dickson Constr.,* 960 S.W.2d at 851.

The Supreme Court has recently clarified what constitutes a permanent injury to land in the context of a nuisance claim.[2] As the Court explained:

> a nuisance should be deemed temporary only if it is so irregular or intermittent over the period leading up to filing and trial that future injury cannot be estimated with reasonable [certainty]. Conversely, a nuisance should be deemed permanent if it is sufficiently constant or regular (no matter how long between occurrences) that future impact can be reasonably evaluated.

*Schneider Nat'l Carriers, Inc. v. Bates,* 147 S.W.3d 264, 281 (Tex.2004); *see also Mitchell Energy,* 958 S.W.2d at 443.

Under this definition, the presence of Marcus's cable line on the Krohns' property for more than a decade clearly constituted a permanent trespass as of the time the Krohns filed suit.[3] *See id.* Therefore, because Marcus committed a permanent trespass, the continuing tort doctrine does not apply. *See W.W. Laubach Trust,* 80 S.W.3d at 159; *Mitchell Energy,* 958 S.W.2d at 443.

The summary judgment evidence conclusively establishes that the Krohns learned of Marcus's trespass on their property no later than 1986. This is when their claim for damages accrued. *See Provident Life & Accident,* 128 S.W.3d at 221; *Franco,* 154 S.W.3d at 789. The limitations period for this claim expired no later than December 31, 1988. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a). Accordingly, Marcus conclusively established that the Krohns' claim for damages is barred by limitations. Thus, we overrule the Krohns' first issue.

## Injunctive Relief

The Krohns contend in their sixth issue that the court erred by rendering summary judgment against them on their claim for injunctive relief on the basis of mootness. They contend that a fact issue remains on the question of whether Marcus's cable line still crosses a portion of their 11.764–acre tract.[4]

---

**2.** Though the Court primarily addressed the plaintiffs' nuisance claims, the Court nevertheless concluded that the plaintiffs' trespass claims were barred by limitations for the same reasons. *See Schneider Nat'l Carriers, Inc. v. Bates,* 147 S.W.3d 264, 292 (Tex.2004).

**3.** Marcus has since removed the cable line from the Krohns's 11.764–acre tract of land. Thus, it is no longer a "permanent" trespass

as to that property. Nevertheless, the Supreme Court explicitly held that the "abatability" of a nuisance is not a consideration in determining whether it is permanent or temporary. *Id.* at 283–90.

**4.** The parties agree that a dispute remains on the question of whether the cable line is now crossing a 1.358–acre tract of land the Krohns own which is situated across the road from

 "A case becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome." *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex.2005). "[M]ootness is a component of subject-matter jurisdiction." *Labrado v. County of El Paso*, 132 S.W.3d 581, 589 (Tex.App.-El Paso 2004, no pet.); *accord Williams v. Lara*, 52 S.W.3d 171, 185 (Tex.2001); *McClure v. JPMorgan Chase Bank*, 147 S.W.3d 648, 651 (Tex.App.-Fort Worth 2004, pet. denied). "[W]e are obligated to review *sua sponte* issues affecting jurisdiction." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex.2004).

 Here, Marcus presented summary judgment evidence that the cable line had been removed from the Krohns' 11.764–acre tract. Although the Krohns have made some non-specific allegations that a dispute remains about whether Marcus in fact removed the cable line from this property,[5] their counsel unequivocally stated at the summary judgment hearing that the cable line had been removed from "the 11 acre tract." The map offered in evidence by Marcus conclusively establishes that the cable line has been removed from the 11.764–acre tract.

Therefore, the Krohns' claim for injunctive relief is moot. *See Allstate Ins. Co.*, 159 S.W.3d at 642. Accordingly, we overrule the Krohns' sixth issue.

## Conclusion

Because we have determined that the Krohns' claim for damages is barred by

---

the 11.764–acre tract. However, the Krohns' allegations regarding Marcus's alleged trespass on the 1.358–acre tract have been severed from their complaints regarding the 11.764–acre tract.

5. The Krohns state in their summary judgment response, "There are genuine issues of

---

limitations and that their claim for injunctive relief is moot, we need not address the remainder of the Krohns' issues. *See* TEX. R.APP. P. 47.1 (appellate court's opinion must address every issue "necessary to final disposition of the appeal"); *Williams v. Williams*, 150 S.W.3d 436, 452 n. 5 (Tex.App.-Austin 2004, no pet.); *Lab. Corp. of Am. v. Compton*, 126 S.W.3d 196, 197 (Tex.App.-San Antonio 2003, pet. denied). Accordingly, we affirm the judgment.

---

fact in that a trespass is still occurring by Movant." Alan Krohn then states in his supporting affidavit, "Without our consultation, about a month and a half ago, Defendant attempted to move the line off of our property. They did move the line, but it remains on our property."