

# IN THE
## TENTH COURT OF APPEALS

### No. 10-07-00281-CV

**FLYING DIAMOND-WEST MADISONVILLE
LIMITED PARTNERSHIP, SOL LEVINE, AND
MARDAN ENERGY CORPORATION,**

Appellants

v.

**GW PETROLEUM, INC., GREAT WESTERN
ONSHORE,INC., FORCENERGY ONSHORE, INC.,
CASCADE ENERGY CORPORATION, FAULCONER
1996 LLC, GULFWEST OIL COMPANY, AND
GULFWEST OIL & GAS COMPANY,**

Appellees

From the 278th District Court
Madison County, Texas
Trial Court No. 6354

## MEMORANDUM OPINION

This action arises from a series of limited partnerships created beginning in 1973 between the predecessors-in-interest of Great Western, Inc., Great Western Onshore, Inc. and Forcenergy Onshore, Inc. (collectively, "Great Western") and Sol Levine for purposes of creating and owning oil and gas leases for exploration, drilling, and

production in Madison County, Texas and in the state of Utah. The Flying Diamond-West Madisonville Limited Partnership ("Madisonville Partnership") was created by Flying Diamond Oil Corporation ("Flying Diamond") as general partner, Sol Levine, and several other limited partners who are not involved in this appeal. There were also three additional limited partnerships involving Flying Diamond and Levine that are relevant to this litigation that owned and developed oil and gas leases in Utah, in which Sol Levine was the only limited partner. There were other limited partnerships involving Flying Diamond and Sol Levine; however, they are not part of this litigation. In 1990, Levine filed this suit, in part individually and in part on behalf of the Madisonville Partnership in a derivative capacity as a limited partner, against the general partner, Great Western. We affirm in part, reverse in part, and remand this cause to the trial court.

*Factual and Procedural Background*

Due to the lengthy and complex procedural history of this case, a basic history of the relevant facts and explanation of the parties involved is helpful to our disposition of this matter. This background also has a substantial procedural discussion because of prior litigation between the parties as well as the extended period of time this proceeding was pending in the trial court.

Flying Diamond was the original general partner in these transactions with Levine. Through a merger and name change, Great Western, Inc. succeeded as the general partner in each of the four partnerships at issue. Forcenergy Inc. is the parent

corporation of Great Western, Inc. Marden Energy Corporation is the successor in interest to Levine's claims.

Levine filed suit individually against Flying Diamond in 1977 in the federal district court of New York. That suit was settled in 1982 with a judgment that dismissed the causes of action with prejudice. Included in this settlement is a document the parties refer to as the "1982 Stipulation," which identified lands and assets belonging to Levine, settled his respective interests in them, and provided for Levine's future rights of participation.

Levine filed this action on February 20, 1990. Great Western filed its first traditional summary judgment in 1992 pursuant to Texas Rule of Civil Procedure 166a(b), asserting two affirmative defenses: (1) *res judicata* as a result of the New York litigation, and (2) the statute of limitations as to certain other allegations occurring more than four years prior to the filing of the instant action. TEX. R. CIV. PROC. 166a(b). After hearing, the trial court granted summary judgment by written order dated September 21, 1992 ("1992 Summary Judgment"). This order granted summary judgment as to (1) ownership issues in additional leases and wells not listed in the 1982 Stipulation; and (2) all contract and accounting claims of Levine that accrued prior to February 20, 1986 (four years prior to the filing of the petition in this case). The effect of this order was to dismiss all or part of four of eleven of Levine's then pleaded causes of action against Great Western.

Levine filed an amended petition on August 12, 1993. No formal action occurred in the trial court from that time until another amended petition was filed by Levine on

December 17, 1999. The parties had agreed to attempt to mediate the case in 1992, which did not take place, and to conduct discovery informally. Also, the parties entered into a dissolution agreement in 1995, which purported to dissolve the Madisonville Partnership which had expired by its own terms in 1994 ("1995 Dissolution Agreement"). Great Western filed a motion to dismiss for want of prosecution on August 1, 2002, which was denied by the trial court by an order signed on October 10, 2002.

Great Western then filed a no-evidence motion for summary judgment pursuant to Texas Rule of Civil Procedure 166a(i) on June 27, 2003 ("the 2003 Summary Judgment"). TEX. R. CIV. PROC. 166a(i). The trial court held a hearing on the motion on August 1, 2003, but then in a letter order on August 29, 2003, granted a continuance to Levine and abated the hearing until mediation was attempted. The trial court then ruled on the summary judgment without hearing or further notice to the parties on January 23, 2004, granting the summary judgment as to nineteen of Levine's approximately twenty-eight causes of action against Great Western.

Levine filed a traditional motion for summary judgment and Great Western filed two additional traditional motions for summary judgment in 2004, which were heard contemporaneously on July 1, 2004 ("the 2004 Summary Judgment"). Primarily, the bases of these motions were to determine (1) whether the 1995 Dissolution Agreement did or did not result in a novation that would render the 1982 Stipulation meaningless, and (2) to request the trial court to dismiss causes of action raised by Levine in amended petitions which Great Western alleged restated the same or substantially similar causes

of action to those on which the trial court had already granted summary judgment. The trial court determined that there was no novation and also granted the motions by Great Western regarding the prior summary judgments by written order signed on August 3, 2004. On January 18, 2005, Great Western filed a motion to enforce a forum-selection clause contained in the 1982 stipulation that required litigation surrounding the 1982 stipulation to be prosecuted in the state of Colorado. The trial court granted the motion on January 25, 2005, and thereby dismissed a claim by Levine that the 1982 stipulation was fraudulently induced.

A trial by jury commenced beginning October 4, 2006, and Levine was granted judgment on the remaining claims presented to the jury in the total amount of $2,213,266.70, plus $200,000.00 in attorney's fees. Great Western requested a directed verdict during the trial, filed a motion for new trial, motion for judgment notwithstanding the verdict, and motion to set aside the jury's verdict, all of which the trial court denied. Both Levine and Great Western have appealed the judgment. Levine primarily attacks the summary judgments. Great Western primarily attacks the jury verdict and resulting judgment.

### Great Western's Motion to Dismiss

When multiple grounds for reversal of a judgment on appeal are presented, we first address those points or issues that would afford a party the greatest relief. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999). If disposition of one issue would result in a

rendition, the court should consider that issue before addressing any issues that would only result in a remand. *Bradleys' Elec.*, 995 S.W.2d at 677.

Great Western filed a motion to dismiss for want of prosecution of this lawsuit on July 31, 2002. The trial court denied the motion on October 10, 2002. Great Western complains that the trial court abused its discretion in denying the motion to dismiss.

### *Abuse of Discretion*

A trial court's ruling on a motion to dismiss is reviewed under an abuse of discretion standard. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Rampart Capital Corp. v. Maguire*, 974 S.W.2d 195, 197 (Tex. App.—San Antonio 1998, pet. denied); *Christian v. Christian*, 985 S.W.2d 513, 514 (Tex. App.—San Antonio 1998, no pet.) An abuse of discretion with respect to factual matters occurs if the record establishes that the "trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *Christian*, 985 S.W.2d at 514. The question is whether the trial court acted without reference to any guiding rules and principles, or whether the act was arbitrary or unreasonable. On factual issues or other matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. Even if we would decide the issue differently, we do not disturb the trial court's decision unless it is without reference to any guiding rules and principles, or it is arbitrary and unreasonable. *Walker*, 827 S.W.2d at 840; *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); *see also MacGregor*, 941 S.W.2d at 76.

However, we give less deference when we review the trial court's application of law. A trial court has no discretion to determine what the law is or to apply the law to the facts. *Walker*, 827 S.W.2d at 840. The trial court's clear failure to analyze or correctly apply the law is an abuse of discretion. *Walker*, 827 S.W.2d at 840.

*Dismissal for Want of Prosecution*

There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial pursuant to Texas Rule of Civil Procedure 165a(1); (2) when the case has not been disposed of within the Supreme Court's time standard pursuant to Texas Rule of Civil Procedure 165a(2); and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. *See Villarreal v. San Antonio Truck & Equipment*, 994 S.W.2d 628, 630 (Tex. 1999). On appeal, Great Western raises only the abuse of discretion in the trial court's failure to invoke its inherent power to dismiss.

Whether a plaintiff has prosecuted a case with diligence is generally a question of fact. *See MacGregor*, 941 S.W.2d at 75-76; *Christian*, 985 S.W.2d at 515. In determining whether due diligence exists, the trial court may consider the entire history of the case. *See Christian*, 985 S.W.2d at 514-15. The traditional factors that may be considered are (1) the length of time the case was on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuse for delay. *Christian*, 985 S.W.2d at 514-515. No single factor is dispositive. *Id*. We also believe that the nature and complexity of the case is a significant factor in this case.

Great Western argues that the trial court should have dismissed this case as a matter of law. While it is undisputed that there was no formal action in the trial court in this matter for a period of approximately six years, and minimal action for approximately another three years after that, we cannot say that the trial court could have reached only one conclusion in this matter on these facts, or that this cause should have been dismissed as a matter of law. The issues involved in this matter are exceedingly complex and required extensive discovery and investigation in multiple states. Certainly granting the motion to dismiss would have been an "easy out" for the trial court; however, the trial court denied the motion. We overrule Great Western's point of error regarding the motion to dismiss for want of prosecution.

### Summary Judgments

Levine challenges each of the three summary judgments granted in this matter, each of which are addressed individually below.

### Summary Judgment Standard of Review

*Traditional Summary Judgment*

The standard of review in traditional summary judgment cases is well settled. The issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. PROC. 166a(c); *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The movant bears the burden of proof and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). All evidence and any

reasonable inferences must be viewed in the light most favorable to the non-movant. *Nixon*, 690 S.W.2d at 548-49.

A defendant is entitled to summary judgment if it conclusively negates an essential element of the plaintiff's case or conclusively establishes all of the necessary elements of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). A defendant must establish each element of an affirmative defense when it moves for summary judgment based on that affirmative defense. *Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 646 (Tex. 2000); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310-11 (Tex. 1994). Summary judgment will be affirmed only if the record establishes that the movant conclusively proved all elements of its affirmative defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). When the trial court does not specify the grounds upon which it ruled, the summary judgment may be affirmed if any of the grounds stated in the motion is meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

*No-evidence Summary Judgment*

A no-evidence summary judgment is treated as essentially a pretrial directed verdict. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). After an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. *See* TEX. R. CIV. P. 166a(i); *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682-83 (Tex. App.—Dallas 2000, no pet.). A party should not move for no-evidence summary judgment based on

an affirmative defense that it has the burden to prove at trial. *See Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.). The moving party must file a motion that specifies which elements of the nonmoving party's claim lack supporting evidence. TEX. R. CIV. P. 166a(i). Once a proper motion is filed, the burden shifts to the nonmoving party to present evidence raising any issues of material fact. *Murray v. Ford Motor Co.*, 97 S.W.3d 888, 890-91 (Tex. App.—Dallas 2003, no pet.). We review the evidence in the light most favorable to the party against whom the summary judgment was rendered. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002).

A no-evidence summary judgment is properly granted if the non-movant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the non-movant's claim on which the non-movant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner*, 953 S.W.2d at 711. A scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

### The 1992 Summary Judgment

The 1992 Summary Judgment dismissed the Madisonville Partnership's "First Cause of Action: Derivative Action to Quiet Title" as to properties allegedly owned by

the Madisonville Partnership that arose prior to the 1982 Stipulation and the Madisonville Partnership's "Third Cause of Action: Impress Constructive Trust on Acreage Purchased with Partnership Funds" in their entirety.

*Res Judicata*

Great Western alleged, in part, that the 1982 Stipulation should act as a bar on those causes of action based on *res judicata*. Since the litigation surrounding the 1982 Stipulation took place in federal court, federal law controls the determination of whether *res judicata* will bar a later state court proceeding. *Geary v. Tex. Commerce Bank*, 967 S.W.2d 836, 837 (Tex. 1998) (per curiam); *Eagle Props., Ltd., v. Scharbauer*, 807 S.W.2d 714, 718 (Tex. 1990) (citing *Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, 715 (5th Cir. 1975), *cert. denied*, 423 U.S. 908 (1975)); *Brown v. Dr. Michael D. Hoffman & Assocs.*, 111 S.W.3d 826, 829 (Tex. App.—Dallas 2003, no pet.).

*Res judicata*, sometimes referred to as claim preclusion, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006). When two successive suits seek recovery for the same injury, "a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 564 (5th Cir. 1983).

Under federal law, the doctrine of *res judicata* will apply if: (1) the parties are identical in both suits or in privity; (2) the same claim or cause of action was involved in both suits; (3) the prior judgment is rendered by a court of competent jurisdiction; and

(4) the prior action was concluded by a final judgment on the merits. *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571; *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004).

The sole argument advanced by Levine against the application of *res judicata* in this case is that the prior litigation by Levine in his individual capacity did not bar him filing suit on behalf of the Madisonville Partnership in a derivative capacity as a limited partner. There is no argument advanced as to the second, third, or fourth elements listed in *Test Masters*. We construe Levine's argument to be that the parties are not identical, or in privity, in both suits. There is no dispute that the Madisonville Partnership was not a party to the New York litigation or the 1982 Stipulation as an entity, and the other limited partners of the Madisonville Partnership were not parties in the New York litigation. As such, there is no identity of parties. The fact that Levine was involved in both suits in different capacities is not sufficient to bar a claim by *res judicata*. *See Restatement (Second) of Judgments § 36 (1980). See also Clark v. Amoco Production Co.*, 794 F.2d 967, 973 (5th Cir. 1986). Levine's complaint about the 1992 Summary Judgment being based on *res judicata* is sustained.

Levine further complains of the portion of the 1992 Summary Judgment that dismissed his claims for an accounting from Great Western that accrued prior to February 20, 1986, because the summary judgment evidence did not conclusively negate the discovery rule as a matter of law. Great Western's motion alleged that the accounting causes of action should be barred by the statute of limitations. For the first

time, Levine raised the discovery rule in its response to the motion for summary judgment.

There was no transcript provided of the hearing conducted by the trial court on August 19, 2002; however, both parties submitted letter briefs to the trial court addressing questions from the court prior to the trial court signing the order on September 12, 1992. In its letter brief to the trial court, Great Western objected to the use of the discovery rule on the basis that Levine had not raised it in its pleadings.

"A party seeking to avail itself of the discovery rule must . . . plead the rule, either in its original petition or in an amended or supplemented petition in response to defendant's assertion of the [statute of limitations] as a matter in avoidance." *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988); *Krohn v. Marcus Cable Associates, L.P.*, 201 S.W.3d 876, 880 (Tex. App.—Waco 2006, pet. den'd.); *see also Proctor v. White*, 172 S.W.3d 649, 652 (Tex. App.—Eastland 2005, no pet.); *Sanders v. Constr. Equity, Inc.*, 42 S.W.3d 364, 368 (Tex. App.—Beaumont 2001, pet. denied). If the plaintiff fails to plead the discovery rule in a petition, then it is waived like other matters of avoidance. *See Woods*, 769 S.W.2d at 518; *Dickson Constr., Inc. v. Fid. & Deposit Co.*, 960 S.W.2d 845, 850 (Tex. App.—Texarkana 1997, no pet.).

However, if a plaintiff asserts the discovery rule in response to a summary judgment motion raising the statute of limitations, even though the discovery rule has not been pleaded in the plaintiff's petition, the parties will be deemed to have tried the issue by consent unless the defendant objects to the plaintiff's assertion of the discovery rule. *Krohn*, 201 S.W.3d at 880; *Proctor*, 172 S.W.3d at 652. *Cf. Roark v. Stallworth Oil &*

*Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991) (unpleaded claims or defenses not raised in pleadings may be tried by consent and must be objected to in trial court to preserve error for appeal in summary judgments).

In this case, it is undisputed that Levine did not affirmatively plead the discovery rule in the live pleading before the trial court at the 1992 Summary Judgment hearing. Great Western did object to the plaintiff's use of the discovery rule prior to the trial court's signing of the 1992 Summary Judgment. Therefore, the discovery rule was not tried by consent in the summary judgment hearing. *Krohn*, 201 S.W.3d at 880. *See also Proctor*, 172 S.W.3d at 652. Because Levine did not plead the discovery rule in his petition, he has waived it. *See Krohn*, 201 S.W.3d at 880; *Woods*, 769 S.W.2d at 518; *Dickson Constr.*, 960 S.W.2d at 850. Levine's complaint regarding the dismissal of the accounting causes of action in the 1992 Summary Judgment is overruled.

### The 2003 Summary Judgment

Great Western filed a no-evidence summary judgment pursuant to Texas Rule of Civil Procedure 166a(i), asking the court to dismiss multiple claims by Levine. Levine filed a "Preliminary Response" to the motion and asked for a continuance to be able to respond more fully to the motion. A hearing was conducted and the trial court recessed the hearing after hearing argument from Great Western and Levine as well as Levine's request for a continuance. The trial court then issued a letter order that stated:

> The Court is not ruling on any of the matters except granting the continuance.

> The Court is ordering the Plaintiff to replead with specificity and to shorten them.

Defendant is ordered to provide Plaintiff with a brief summation of how moneys were handled over the years.

If this matter is not resolve in mediation, the Court will rule on all these motions and set the case for trial soon after the mediation, if not successful.

The parties unsuccessfully participated in a mediation in December of 2003. On January 23, 2004, the trial court, without notice to either party, signed an order granting most of the requests in Great Western's motion for summary judgment, dismissing all or part of nineteen causes of action of Levine. Levine complains that the trial court erred in ruling on the motion without giving the parties notice as required by Texas Rule of Civil Procedure 166a(c). TEX. R. CIV. PROC. 166a(c). We agree.

Rule 166a(c) of the Texas Rules of Civil Procedure calls for a hearing on a motion for summary judgment. However, not every hearing called for under the rules of civil procedure necessarily requires an oral hearing. *Martin v. Martin, Martin, & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam). Unless required by the express language or the context of the particular rule, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court. *Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) (per curiam). An oral hearing on a motion for summary judgment may be helpful to the parties and the court, but since oral testimony cannot be adduced in support of or opposition to a motion for summary judgment, an oral hearing is not mandatory. *Martin*, 989 S.W.2d at 359. Notice of hearing or submission of a summary judgment motion, however, is required, although it is not "jurisdictional." *Id.* The hearing date

determines the time for response to the motion; without notice of hearing, the respondent cannot know when the response is due. TEX. R. CIV. PROC. 166a(c). Reasonable notice is all that is required of a reset summary judgment hearing. *Hart v. State*, No. 03-02-00542-CV, 2003 Tex. App. LEXIS 1747 at *10 (Tex. App.—Austin February 27, 2003, no pet.); *International Ins. Co. v. Herman G. West, Inc.*, 649 S.W.2d 824, 825 (Tex. App.—Fort Worth 1983, no writ). Some courts have held that seven days' notice of a hearing or submission, while not stated as an absolute requirement under the rule, does constitute reasonable notice. *Nickerson v. E.I.L. Instruments, Inc.*, 817 S.W.2d 834, 836 (Tex. App.—Houston [1st Dist.] 1991, no pet.); *Birdwell v. Texins Credit Union*, 843 S.W.2d 246, 250 (Tex. App.—Texarkana 1992, no writ).; *Brown v. Capital Bank, N.A.*, 703 S.W.2d 231, 233 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The trial court's failure to set a specific date for hearing or submission cannot give adequate notice as required by Rule 166a(c). The trial court erred, therefore, in granting the 2003 Summary Judgment without notice to Levine. Levine was thus deprived of the opportunity to further respond to the summary judgment motions prior to the trial court's ruling thereon. We sustain Levine's objection and reverse the trial court's ruling on the 2003 Summary Judgment in its entirety. Because we are reversing this order, we need not consider Levine's other objections to the 2003 Summary Judgment.

### The 2004 Summary Judgment

Levine filed a traditional motion for summary judgment arguing that the 1995 Dissolution Agreement resulted in a novation, extinguishing the 1982 Stipulation. Great Western filed a traditional motion for summary judgment seeking a finding that

there was no novation as a matter of law.  The trial court granted Great Western's motion and denied Levine's motion.  Levine complains that these rulings were in error.

When, as here, both parties file motions for summary judgment, and the trial court grants one motion and denies the other, we determine all presented questions and may render a different judgment if appropriate.  *SAS Inst., Inc. v. Breitenfeld*, 167 S.W.3d 840, 841 (Tex. 2005); *CU Lloyd's v. Feldman*, 977 S.W.2d 568, 569 (Tex. 1998).  Also, as here, when a summary judgment does not specify the grounds on which it was granted, the appealing party must demonstrate on appeal that none of the movant's proposed grounds is sufficient to support the judgment.  *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).  Conversely, we will affirm the judgment if any one of the theories advanced in the motion is meritorious.  *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

Levine presents no authority in its brief or reply brief to support its position that the trial court erred in granting the summary judgment on the issue of novation, but merely makes several conclusory statements with no support.

An issue on appeal unsupported by citation to any legal authority presents nothing for the court to review.  *See* TEX. R. APP. P. 38.1(h).  *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076 (2005). The appellant's brief "must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief" "with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(g) and 38.1(h).  An inadequately briefed point may be waived on appeal. *Texas Dep't. of Crim. Justice v. King*, No. 10-01-00058-CV, 2003 Tex.

App. LEXIS 10481 at *14 (Tex. App.—Waco December 10, 2003, pet. denied); *Hall v. Stephenson*, 919 S.W.2d 454, 467 (Tex. App.—Fort Worth 1996, writ denied); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing). It is necessary to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. *See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 711 (Tex. App.—Amarillo 1998, no pet.). This is not done by merely uttering brief conclusory statements that are unsupported by any legal citations. *Tesoro*, 106 S.W.3d at 128. Levine's point of error regarding novation is overruled.

Levine further complains that the trial court erroneously granted the portion of the 2004 Summary Judgment that "barred" amended pleadings filed by Levine because they had been previously dismissed by the trial court through the 1992 Summary Judgment and the 2003 Summary Judgment. Because the 1992 Summary Judgment regarding *res judicata* and the 2003 Summary Judgment were erroneously granted, the portions of the 2004 Summary Judgment relating to the claims dismissed in the 1992 Summary Judgment regarding *res judicata* and the 2003 Summary Judgment must also be reversed.

### The Forum Selection Clause

In its Seventh Amended Petition filed on May 3, 2004, Levine raised for the first time a specific claim to set aside the 1982 Stipulation based on fraudulent inducement

for the first time. On June 12, 2004, Great Western filed one of the motions that served as the basis for the 2004 Summary Judgment. In that motion, Great Western sought summary judgment on the fraudulent inducement claim, although that issue was not included in the 2004 Summary Judgment order rendered by the trial court. On January 24, 2005, Great Western filed a motion to dismiss the fraudulent inducement cause of action by enforcing a forum selection clause contained in the 1982 Stipulation that established the state of Colorado as the appropriate forum to bring actions relating to the 1982 Stipulation. On January 25, 2005, the trial court granted Great Western's motion to dismiss the fraudulent inducement claim based on the forum selection clause. Levine complains that the trial court abused its discretion by granting the motion to dismiss due to waiver, the improper interpretation of the clause to include the fraudulent inducement claim, and that the clause violates Texas public policy.

*Standard of Review*

We review the enforcement of a forum-selection clause for an abuse of discretion. *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.,* 177 S.W.3d 605, 610 (Tex. App.—Houston [1st Dist.] 2005, no pet.). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding). Forum-selection clauses are generally enforceable, and a party attempting to show that such a clause should not be enforced bears a heavy burden. *In re Int'l Profit Assocs., Inc.,* 274 S.W.3d 672, 675 (Tex. 2009) (per curiam) (orig. proceeding); *In re Lyon Fin. Servs., Inc.,*

257 S.W.3d 228, 232 (Tex. 2008) (per curiam) (orig. proceeding) (citing *In re AIU Ins. Co.*, 148 S.W.3d 109, 113 (Tex. 2004) (orig. proceeding)).

A trial court would abuse its discretion if it refused to enforce a forum-selection clause unless the party opposing enforcement clearly shows that (1) the clause is invalid for reasons of fraud or overreaching, (2) enforcement would be unreasonable or unjust, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *Int'l Profit Assocs*, 274 S.W.3d at 675; *AIU Ins.*, 148 S.W.3d at 112; *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15-17 (1972).

*Waiver*

The right to enforcement of forum selection clauses can, however, be waived. *See, e.g., AIU Ins.*, 148 S.W.3d at 120-21. Waiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006) (per curiam) (orig. proceeding). Whether the enforcement of a forum selection clause is waived is a question of law. *See In re Serv. Corp. Int'l*, 85 S.W.3d 171, 174 (Tex. 2002) (per curiam) (orig. proceeding).

Cases involving waiver relating to forum selection clauses have been treated analogously with waiver in the context of arbitration clauses, as an arbitration clause is a type of forum selection clause. *See In re Automated Collection Technologies, Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (per curiam) (orig. proceeding); *AIU Ins.*, 148 S.W.3d at 115, 116. A party waives an arbitration clause by substantially invoking the judicial process

to the other party's detriment or prejudice, the latter term meaning "inherent unfairness caused by a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage." *Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008) (orig. proceeding); *In re Bank One, N.A.*, 216 S.W.3d 825, 827 (Tex. 2007) (per curiam) (orig. proceeding). Texas public policy strongly favors the enforcement of arbitration clauses. *See In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (per curiam) (orig. proceeding). A strong presumption exists against finding a waiver of the right to arbitration, and any doubts regarding waiver are resolved in favor of arbitration. *See Terminix*, 988 S.W.2d at 704-05. The determination of whether waiver occurs must be determined on a case-by-case basis based on the totality of the circumstances. *Perry Homes*, 258 S.W.3d at 590.

> Some factors involved in this analysis are:
>
> . whether the movant was plaintiff (who chose to file in court) or defendant (who merely responded);
>
> . how long the movant delayed before seeking arbitration;
>
> . whether the movant knew of the arbitration clause all along;
>
> . how much pretrial activity related to the merits rather than arbitrability, jurisdiction, or standing;
>
> . how much time and expense has been incurred in litigation;
>
> . whether the movant sought or opposed arbitration earlier in the case;
>
> . whether the movant filed affirmative claims or dispositive motions (sought judgment on the merits);
>
> . what discovery would be unavailable in arbitration;

. whether activity in court would be duplicated in arbitration;

. when the case was to be tried;

. how much discovery has been conducted;

. who initiated it; and

. how much of it would be useful in arbitration.

*Perry Homes*, 258 S.W.3d at 591, 592.

No single factor is dispositive to this inquiry. *Perry Homes*, 258 S.W.3d at 591. Some factors do not fit as well into the forum selection clause analysis from the question of arbitration. However, even though consideration of these factors standing alone might support waiver, the party opposing arbitration must demonstrate prejudice for the court to deny arbitration. *Perry Homes*, 258 S.W.3d at 595.

The question of waiver also triggers questions of what the United States Supreme Court has referred to as "procedural" versus "substantive arbitrability" when resolving issues of the pretrial activity in a given case. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-86 (2002); *In re Neutral Posture, Inc.*, 135 S.W.3d 725, 728 (Tex. App.— Houston [1st Dist.] 2003) (orig. proceeding). Procedural arbitrability pertains to questions that "grow out of the dispute and bear on its final disposition," for example, whether conditions precedent have been met, notice, time limits, laches, and estoppel. Procedural arbitrability issues are reserved for resolution by the arbitrator. *Howsam*, 537 U.S. at 84-85; *Neutral Posture*, 135 S.W.3d at 728. In contrast, the trial judge decides questions of substantive arbitrability, which implicate "gateway" issues, for example,

whether a particular agreement binds the parties to arbitrate. *See Howsam*, 537 U.S. at 85, 123 S. Ct. at 592; *Neutral Posture,* 135 S.W.3d at 728; *see also Perry Homes*, 258 S.W.3d at 589 ("[C]ourts decide defenses relating solely to the arbitration clause," as opposed to defenses that pertain to entire contract, which are for arbitrator); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001) ("[I]f they are to defeat arbitration," defenses "must relate specifically" to arbitration provisions; "[d]efenses that pertain to the entire . . . contract can be arbitrated.") (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967)).

We draw a parallel between the function of the arbitrator in *Howsam* and the trial court of the forum selected in the forum selection clause. Just as the arbitrator would determine issues surrounding the substance of the litigation, so would also the forum selected in the forum selection clause determine those issues in its forum, which is what the parties contemplated in the 1982 Stipulation which created the forum selection clause.

In the original petition filed by Levine in 1990, Levine raised a claim requesting, among other things, a suit to quiet title in certain properties. This claim was very similar to the claim that was part of the previous litigation and settled in the 1982 Stipulation. Great Western, by filing a motion for summary judgment, asked the trial court to enforce the 1982 Stipulation in the 1992 Summary Judgment. This motion for summary judgment cannot be considered a "gateway" issue for the trial court, but instead bears on the final disposition of the case. *See Perry Homes*, 258 S.W.3d at 589. Great Western's 2003 and 2004 summary judgment motions also were asking the court

to enforce the 1982 Stipulation. Notably, one of the 2004 summary judgment motions filed by Great Western sought summary judgment dismissing the fraudulent inducement claim under the statute of limitations. This motion for summary judgment was filed in June of 2004, approximately seven months before the motion to dismiss. The sheer volume of the clerk's record of documents filed prior to the motion to dismiss, approximately 3,000 pages, indicates that there was substantial pretrial activity and that discovery had been conducted thoroughly between the parties.

The Texas Supreme Court has stated that parties that "conduct full discovery, file motions going to the merits, and seek arbitration only on the eve of trial" waive any contractual right to arbitration. *In re Fleetwood Homes of Texas, L.P.*, 257 S.W.3d 692, 692 (Tex. 2008) (per curiam) (orig. proceeding) (*citing In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 764 (Tex. 2006) (per curiam) (orig. proceeding)). Great Western filed its motion to dismiss two weeks prior to a jury setting for trial in this case. What constitutes the "eve of trial" is not limited to the evening before trial, but is a rule of proportion. *Perry Homes*, 258 S.W.3d at 596. *See Vesta*, 192 S.W.3d at 764 (*citing Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 938 F.2d 1574, 1576-77 (2d Cir. 1991), in which arbitration was waived by request that did not come until 18 months after filing and 4 months before trial). We believe two weeks prior to trial in a case of this complexity falls within the concept of the "eve before trial."

We must, then, determine if Levine was prejudiced by the late-filed motion to dismiss. In the arbitration context, "prejudice" has many meanings, but in the context of

waiver of arbitration it relates to inherent unfairness - that is, a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage:

> [F]or purposes of a waiver of an arbitration agreement[,] prejudice refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue. *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004).

> Thus, "a party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." *In re Tyco Int'l Ltd. Sec. Litig.*, 422 F.3d 41, 46 n.5 (1st Cir. 2005) (orig. proceeding).

*Perry Homes*, 258 S.W.3d at 597.

Based on the above, we find that the length of time Great Western waited to attempt to enforce the forum selection clause, their filing of summary judgments that were dispositive in nature, and the timing of the filing of the motion to dismiss in relation to the date the case was to be tried to be factors that weigh heavily against enforcing the forum selection clause. Great Western is attempting to choose which causes of action it wishes to try in which forum that are, at least in part, based off of the interpretation and enforcement of the 1982 Stipulation, which is prejudicial to Levine. The trial court abused its discretion in granting Great Western's motion to dismiss the fraudulent inducement claim based on the forum selection clause. We sustain Levine's point of error regarding the dismissal of the fraudulent inducement claim. Because we agree that Great Western waived its right to enforce the forum selection clause, we do not address Levine's other complaints regarding the forum selection clause.

*Remand and Law of the Case*

The law of the case doctrine is a principle by which the initial determinations of questions of law in a case are held to govern throughout the subsequent stages of the case. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986); *Trevino v. Turcotte*, 564 S.W.2d 682, 685 (Tex. 1978); *Transport Ins. Co. v. Employers Casualty Co.*, 470 S.W.2d 757, 762 (Tex. Civ. App.—Dallas 1971, writ ref'd n.r.e.). The doctrine operates to narrow the issues in successive stages of litigation and is supported by policy goals of uniformity of decisions and judicial economy. *Hudson*, 711 S.W.2d at 630. The doctrine applies only to questions of law and not to questions of fact. *Id*. The doctrine does not necessarily apply if the issues and facts are not substantially the same in the subsequent trial. *Hudson,* 711 S.W.2d at 630; *Transport Ins. Co.*, 470 S.W.2d at 762. This situation is especially likely if the parties amend their pleadings after the cause is remanded. *Hudson*, 711 S.W.2d at 630.

Application of the law of the case "is flexible and must be left to the discretion of the court and determined according to the particular circumstances of the case." *Kay v. Sandler*, 704 S.W.2d 430, 433 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *see Trevino*, 564 S.W.2d at 685. The application of the law of the case to determinations made in prior appeals from summary judgments has also been questioned. *Med Center Bank v. M.D. Fleetwood*, 854 S.W.2d 278, 283 (Tex. App.—Austin 1993, writ denied). *See also Allstate Ins. Co. v. Smith*, 471 S.W.2d 620, 623 (Tex. Civ. App.—El Paso, 1971 no writ); *Glenn v. Prestegord*, 456 S.W.2d 901, 902 (Tex. 1970).

The standard of review in an appeal from summary judgment is very different in that the reviewing court is required to review the evidence in the light most favorable to the non-movant. *Governing Bd. v. Pannill*, 659 S.W.2d 670, 680 (Tex. App.—Beaumont 1983, writ ref'd n.r.e.). In a summary judgment, the movant also has the burden to show that he is entitled to judgment as a matter of law. This is a fundamentally different inquiry from that on review after a full trial when the reviewing court examines whether the party has adduced proof that he is entitled to judgment at trial. *Abalos v. Oil Dev. Co. of Tex.*, 526 S.W.2d 604, 607-08 (Tex. Civ. App.—Amarillo 1975), aff'd, 544 S.W.2d 627 (Tex. 1976). In a motion for summary judgment, the movant is not required to assert every theory upon which he may recover or defend; thus, upon trial on remand, the movant may bring very different theories than those reviewed on a previous appeal from a summary judgment. *Hudson*, 711 S.W.2d at 630-31. By our rulings herein and our decision to not rule on unnecessary issues, it is our intent to give the trial court broad latitude in the proceedings on remand while ruling on those matters necessary to a disposition in this appeal. TEX. R. APP. PROC. 47.1.

*Conclusion*

The issues in this cause are of such an intertwined nature that we believe that the cause should be remanded for the trial court to properly address the summary judgment motions and for a new trial. *See* TEX. R. APP. P. 44.1. *See also Evans v. First Nat'l. Bank of Bellville*, 946 S.W.2d 367, 380 (Tex. App.—Houston [14th Dist.] 1997, writ denied); *Komet v. Graves*, 40 S.W.3d 596, 604 (Tex. App.—San Antonio 2001, no pet.). Because we believe further proceedings by the trial court are necessary and the

judgment must be set aside, we do not reach Levine's complaints regarding the alleged charge errors or the trial court's denial of pre-judgment interest, or Great Western's complaints from the jury trial regarding the insufficiency of the evidence and the granting of attorney's fees.  We reverse the judgment of the trial court and remand it for further proceedings in accordance with this opinion.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
      (Justice Reyna dissenting)
Affirmed in part, Reversed and remanded in part
Opinion delivered and filed August 26, 2009
[CV06]